**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED JUNE 18, 2008

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                 No. 133474

DENNIS MERVYN SARGENT,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

We granted leave to appeal in this case to consider whether offense variable 9 (number of victims) (OV 9) can be scored using uncharged acts that did not occur during the same criminal transaction as the sentencing offenses. Defendant was convicted of first-degree criminal sexual conduct and second-degree criminal sexual conduct as a result of his sexual abuse of the 13-year-old complainant. At defendant's trial, the complainant's older sister testified that defendant had also sexually abused her when she was 15 years old. The trial court assessed 10 points for OV 9 on the basis that there were two victims-- the complainant and the complainant's sister. The Court of Appeals affirmed defendant's convictions and

sentences. Unpublished opinion per curiam, issued January 25, 2007 (Docket No. 263392).

When defendant was sentenced, MCL 777.39(2)(a) stated that "each person who was placed in danger of injury or loss of life" must be counted as a victim under OV 9.[1] Ten points are to be assessed when there were two to nine victims. MCL 777.39(1)(c). MCL 777.21 instructs us on how to score the sentencing guidelines. MCL 777.21(1)(a) instructs us to "[f]ind the offense category for *the offense* . . . [and] determine the offense variables to be scored for that offense category . . . ." (Emphasis added.) MCL 777.21(2) instructs us to "score *each offense*" if "the defendant was convicted of multiple offenses . . . ." (Emphasis added.) MCL 777.21(3), which pertains to habitual offenders, instructs us to "determine the . . . offense variable level . . . based on *the underlying offense*," and then to increase the upper limit of the recommended minimum sentence range as indicated. (Emphasis added.) This language indicates that the offense variables are generally offense specific. The sentencing offense determines which offense variables are to be scored in the first place, and then the appropriate offense variables are generally to be scored on the basis of the sentencing offense. The primary focus of the offense variables is the nature of the offense; the

---

[1] MCL 777.39(2)(a) has since been amended to provide: "Count each person who was placed in danger of physical injury or loss of life or property as a victim." However, this amendment has no effect on this case.

characteristics of the offender are primarily considered under the prior record variables.

Further, MCL 769.31(d) provides, in part:

"Offense characteristics" means the elements of the crime and the aggravating and mitigating factors relating to *the offense* that the legislature determines are appropriate. [Emphasis added.]

This subdivision is preceded by the language "As used in this section and section 34 of this chapter." "[T]his section," MCL 769.31, is merely a definitional section. "[S]ection 34 of this chapter," MCL 769.34, is the statutory provision that provides, among other things, that the trial court must sentence within the minimum sentence range calculated under the guidelines unless the trial court articulates substantial and compelling reasons that justify a departure. MCL 769.34(3)(b) is the only provision that uses the phrase "offense characteristic," and it states that

[t]he court shall not base a departure on an *offense characteristic* or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight. [Emphasis added.]

The appropriate minimum sentence range is determined in part by scoring the offense variables. From this context, it seems clear that the term "offense characteristics" includes the characteristics that are taken into consideration under the offense variables. Therefore, if anything, MCL 769.31(d) suggests that,

3

generally, only conduct "relating to the offense" may be taken into consideration when scoring the offense variables.

That the general rule is that the relevant factors are those relating to the offense being scored is further supported by the fact that the statutes for some offense variables specifically provide otherwise. For instance, MCL 777.44(2)(a) provides that when scoring OV 14 (whether the offender was a leader in a multiple-offender situation), "the entire criminal transaction should be considered . . . ." For other offense variables, the Legislature unambiguously made it known when behavior outside the offense being scored is to be taken into account. OV 12 (contemporaneous felonious acts), for example, applies to acts that occurred within 24 hours of the sentencing offense and have not resulted in separate convictions. MCL 777.42(2)(a). OV 13 (continuing pattern of criminal behavior) explicitly permits scoring for "all crimes within a 5-year period, including the sentencing offense," regardless of whether they resulted in convictions. MCL 777.43(2)(a). OV 16 (property obtained, damaged, lost, or destroyed) provides that in "multiple offender or victim cases, the appropriate points may be determined by adding together the aggregate value of the property involved, including property involved in uncharged offenses or charges dismissed under a plea agreement." MCL 777.46(2)(a). Finally, OV 8 (asportation or captivity of victim) specifically focuses on conduct "beyond the time necessary to commit the offense." MCL 777.38(1)(a). That the Legislature has explicitly stated that conduct not related to the offense being scored can be considered when scoring

4

some offense variables strengthens our conclusion that, unless stated otherwise, only conduct that relates to the offense being scored may be considered.

Finally, aside from having no basis in the language of the relevant statutes, the prosecutor's interpretation simply does not make sense. If, as the prosecutor contends, we are not limited to conduct relating to the sentencing offense, every single person that the defendant had ever placed in danger of injury or loss of life would properly be considered for the purposes of OV 9. Instead, when scoring OV 9, only people placed in danger of injury or loss of life when the sentencing offense was committed (or, at the most, during the same criminal transaction) should be considered.[2]

In the instant case, the jury convicted defendant only of sexually abusing the 13-year-old complainant. It did not convict him of sexually abusing the complainant's sister. Furthermore, the abuse of the complainant's sister did not arise out of the same transaction as the abuse of the complainant. For these reasons, zero points should have been assessed for OV 9. Reducing the OV 9 score from 10 to zero points reduces defendant's recommended minimum sentence

---

[2] However, this does not mean that a defendant must commit more than one offense for there to be more than one victim. The instructions for OV 9 provide that a victim is each person who is placed in danger of injury or loss of life. MCL 777.39(2)(a). The instructions do not necessarily require that a separate criminal offense have occurred with respect to that victim. For example, in a robbery, the defendant may have robbed only one victim, but scoring OV 9 for multiple victims may nevertheless be appropriate if there were other individuals present at the scene of the robbery who were placed in danger of injury or loss of life.

5

range from 108-180 to 81-135 months with regard to the first-degree criminal sexual conduct conviction and from 36-71 to 29-57 months with regard to the second-degree criminal sexual conduct conviction. Therefore, we reverse in part the judgment of the Court of Appeals, vacate defendant's sentences, and remand this case to the trial court for resentencing. In all other respects, we deny leave to appeal, because we are not persuaded that we should review the remaining questions presented.

Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman