**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:
Marilyn Kelly          Michael F. Cavanagh
                       Maura D. Corrigan
                       Robert P. Young, Jr.
                       Stephen J. Markman
                       Diane M. Hathaway
                       Alton Thomas Davis

FILED DECEMBER 29, 2010

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant

v                                  No. 140371

DAVID RAY SMITH,

      Defendant-Appellee.

---

BEFORE THE ENTIRE BENCH

YOUNG, J.

The issue presented in this case is whether offense variable (OV) 19, MCL 777.49, may be scored for aggravating conduct that occurred after the sentencing offense was completed. In *People v McGraw*, this Court held that "[o]ffense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable."[1] Here, we hold that because the circumstances described in OV 19

---

[1] *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009).

expressly include events occurring after the completion of the sentencing offense, scoring OV 19 necessarily is not limited to consideration of the sentencing offense. Thus, under the exception to the general rule set forth in *McGraw*, the offense variable may be scored for conduct that occurred after the sentencing offense was completed. We reverse the judgment of the Court of Appeals in part and reinstate defendant's sentence for manslaughter.

## FACTS AND PROCEDURAL HISTORY

This case stems from an automobile collision in Jackson County in June 2007. Defendant was driving his 1993 Cadillac with three passengers, including Nicole Wolfe, who sat in the front passenger seat. Wolfe testified that defendant drove recklessly and at a high rate of speed when he pulled into a lane of oncoming traffic as a green truck approached. When Wolfe screamed in fear, defendant indicated that the truck would pull off the road. Thomas Lantz, the driver of the green truck, observed defendant driving toward his truck at a high rate of speed. Lantz testified that he pulled over as far as he could, but was unable to move completely off of the road because road construction precluded it. At the last moment, defendant swerved back into the proper lane, avoiding the collision with the truck.

After the near collision with Lantz's truck, defendant accelerated through the construction zone and crested a hill. A short distance away, the victim, Diane Sigers, sat in her compact automobile, attempting to make a left turn from a cross street. Wolfe testified that she could see the side of the victim's car and her head as defendant's car approached. Wolfe again screamed, telling defendant that the victim's car would not clear the road in time. Defendant assured her that the car would get out of his way, and

2

further increased his speed. Wolfe remembered that defendant applied the brakes just before impact, but was too late to avoid colliding with Sigers at a high rate of speed. The forensic pathologist testified that the victim died within a few seconds after the collision because of the massive injuries she sustained.

Wolfe spent two days in the hospital, having suffered six fractured ribs, a ruptured spleen, and a bruised heart in the collision. After she was discharged from the hospital, defendant began contacting her via telephone. Defendant told Wolfe that she "shouldn't talk to anybody" because "there was no proof of anything" and that defendant "was innocent" as long as Wolfe remained quiet. Defendant told Wolfe that if he could not "take care of the problem," then he would "have somebody else do it for" him. As a result of such statements, Wolfe was initially reluctant to speak with the police. Eventually, Wolfe did speak with the police, relaying what she recalled from before the collision, as well as defendant's statements to Wolfe after she was released from the hospital.

A jury convicted defendant of manslaughter,[2] reckless driving,[3] and witness intimidation.[4] At sentencing, defense counsel made two objections to the scoring of the sentencing guidelines, including arguing that defendant's witness intimidation conviction precluded the scoring of OV 19 for the manslaughter conviction. The trial court rejected the argument, ruling that defendant's attempt to interfere with the administration of

---

[2] MCL 750.321.

[3] MCL 257.626.

[4] MCL 750.122(7)(b).

3

justice was a "separately cognizable consideration[] within the sentencing guidelines . . . ." The recommended minimum sentence range for defendant's manslaughter conviction was 50 to 125 months' imprisonment. Defendant was sentenced within the sentencing guidelines as a second-offense habitual offender[5] to 10 to 22 years for manslaughter, along with a concurrent sentence of 5 to 15 years for witness intimidation.[6]

In his appeal of right, defendant argued that scoring OV 19 in addition to his conviction for witness intimidation amounted to "doubly penalizing" defendant. In an unpublished opinion per curiam,[7] the Court of Appeals affirmed defendant's convictions but remanded for resentencing, relying on this Court's recently decided opinion in *McGraw*. After noting the rule of *McGraw* that offense variables may not be scored for conduct that occurred after the completion of the sentencing offense unless provided for in the particular variable, the Court of Appeals ruled that OV 19 "does not expressly or specifically provide" for the consideration of conduct that occurred after the completion of the sentencing offense.[8] Because defendant's threatening statements to Wolfe were committed after the manslaughter was completed, the Court of Appeals held that defendant should have received zero points for OV 19. The Court of Appeals affirmed

---

[5] MCL 769.10.

[6] The sentence for witness intimidation was an upward departure. Defendant received time served for the reckless driving conviction.

[7] *People v Smith*, unpublished opinion per curiam of the Court of Appeals, issued November 19, 2009 (Docket No. 286479).

[8] *Id*. at 5.

4

defendant's convictions but remanded for resentencing on the manslaughter conviction because defendant's minimum sentence fell outside the corrected guidelines range of 43 to 107 months' imprisonment.[9]

Both defendant and the prosecution sought leave to appeal in this Court. We denied defendant's application[10] and granted the prosecution leave to appeal, "limited to the issue whether points may be assessed pursuant to MCL 777.49 (OV 19) for conduct that occurs after the sentencing offense is completed."[11]

STANDARD OF REVIEW

The interpretation and application of the legislative sentencing guidelines, MCL 777.1 *et seq.*, involve legal questions that are reviewed de novo.[12]

ANALYSIS

The statutory provision for OV 19 can be found at MCL 777.49, which provides:

> Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services. Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) The offender by his or her conduct threatened the security of a penal institution or court ............................................................... 25 points

---

[9] *People v Francisco*, 474 Mich 82, 89-91; 711 NW2d 44 (2006).r

[10] *People v Smith*, 485 Mich 1134 (2010).

[11] *People v Smith*, 485 Mich 1133 (2010).

[12] *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

(b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services ............................. 15 points

(c) The offender otherwise interfered with or attempted to interfere with the administration of justice ................................................... 10 points

(d) The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force ....................................................................................... 0 points

In *McGraw*, this Court held that "[o]ffense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable."[13]  Therefore, we must consider whether OV 19 provides for the "consideration of conduct after completion of the sentencing offense."[14]

As an initial matter, we note that the sentencing guidelines categorize all felonies into one of six distinct offense categories: crimes against a person, crimes against property, crimes involving a controlled substance, crimes against public order, crimes against public trust, and crimes against public safety.[15]  These six offense categories encompass a broad variety of crimes, ranging from kidnapping[16] to removing a shrub

---

[13] *McGraw*, 484 Mich at 133.

[14] *Id.* at 133-134.

[15] MCL 777.5.

[16] MCL 750.349.  Kidnapping is categorized as a crime against a person.  MCL 777.16q.

within a highway right of way without a permit in order to make a sign more visible.[17] The Legislature has also directed, *without exception*, that OV 19 be scored for each and every one of these offense categories.[18]

The aggravating factors considered in OV 19 contemplate events that almost always occur *after* the charged offense has been completed. For example, pursuant to MCL 777.49(a), 25 points are assessed under OV 19 for conduct that threatens "the security of a penal institution or court . . . ." It is axiomatic that every defendant charged with a felony must, at a minimum, enter a court in order to have his criminal charges resolved.[19] And while not every criminal defendant is required to confront a penal institution in consequence of his felonious activity, by the time a defendant encounters *either* a courthouse or a penal institution, the sentencing offense has *long* been completed. The express consideration of these events explicitly indicates that postoffense conduct may be considered when scoring OV 19.

The Criminal Defense Attorneys of Michigan argues as amicus curiae that a defendant may be properly assessed 25 points under OV 19, but only if the underlying sentencing offense *itself* threatened the security of a courthouse or penal institution, such as when the sentencing offense was committed while the defendant was in prison. However, nothing in the language of MCL 777.49(a) is limited to those instances in

---

[17] MCL 252.311. Unauthorized shrubbery removal in a highway right of way is categorized as a crime against property. MCL 777.12b.

[18] MCL 777.22.

[19] MCL 767.1.

which the sentencing offense itself occurred within a court or penal institution. Moreover, as noted earlier, the Legislature has specifically commanded that OV 19 be scored for *every* category of felony. If the scoring of OV 19 were limited to felonies that threatened the security of a court or penal institution, it would be unclear how the full force of OV 19 could ever be applied to crimes that do not, in and of themselves, threaten the security of a court or penal institution, such as operating a locomotive under the influence of alcohol and causing death,[20] arson of woods and prairies,[21] or entering a horse in a race under a false name.[22]

Additionally, OV 19 requires the assessment of 15 points if a defendant used force or the threat of force against another person or another person's property to interfere with "the administration of justice or the rendering of emergency services . . . ."[23] Ten points are assessed under OV 19 if the defendant interfered with the administration of justice, but did so without the use of force or a threat of force.[24] In *People v Barbee*,[25] this Court addressed the meaning of interference with the administration of justice within OV 19. In *Barbee*, the defendant gave a police officer a false name during a traffic stop. The

---

[20] MCL 462.353(6); MCL 777.14m.

[21] MCL 750.78; MCL 777.16c.

[22] MCL 750.332; MCL 777.16q.

[23] MCL 777.49(b).

[24] MCL 777.49(c).

[25] *People v Barbee*, 470 Mich 283; 681 NW2d 348 (2004).

defendant pleaded guilty of operating a motor vehicle while intoxicated, third offense.[26] Because the defendant gave the police a false name, the trial court assessed 10 points for OV 19. This Court upheld the scoring, rejecting the defendant's argument that OV 19 could *only* be scored when the defendant's conduct interfered with the judicial process. Rather, we concluded that interference with the administration of justice "encompasse[d] more than just the actual judicial process" and that the scoring of OV 19 was proper because the police "are an integral component in the administration of justice, regardless of whether they are operating directly pursuant to a court order."[27] The "administration of justice" process, including the "actual judicial process," is not commenced until an underlying crime has occurred, which invokes the process. Because OV 19 specifically provides for the "consideration of conduct after completion of the sentencing offense,"[28] conduct that occurred after an offense was completed may be considered when scoring the offense variable.

## CONCLUSION

Because the circumstances described in OV 19 expressly include events occurring after a felony has been completed, the offense variable provides for the "consideration of conduct after completion of the sentencing offense."[29] Under the exception to the general

---

[26] MCL 257.625.

[27] *Barbee*, 470 Mich at 288.

[28] *McGraw*, 484 Mich at 133-134.

[29] *Id.*

9

rule set forth by this Court in *McGraw*, OV 19 may be scored for conduct that occurred after the sentencing offense was completed. We reverse the judgment of the Court of Appeals in part and reinstate defendant's sentence for manslaughter.

Robert P. Young, Jr.
Maura D. Corrigan
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

V                                       No. 140371

DAVID RAY SMITH,

        Defendant-Appellee.

_____

CAVANAGH, J. (*dissenting*).

        I respectfully dissent because I disagree with the majority's conclusion that a sentencing court may employ a transactional approach to scoring offense variable (OV) 19, MCL 777.49, in the sentencing guidelines. Rather, I think that the general rule that "the appropriate offense variables are generally to be scored on the basis of the sentencing offense" applies to OV 19. *People v McGraw*, 484 Mich 120, 124; 771 NW2d 655 (2009) (quotation marks omitted). Accordingly, I would affirm the judgment of the Court of Appeals.

        As the majority correctly recites, in *McGraw* this Court held that "[o]ffense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *Id.* at 133. The majority also correctly notes that we recognized a limited exception to this general rule. Specifically, we held that offense variables may be scored on the basis of conduct not related to the sentencing offense when an offense variable "*specifically* provide[s] otherwise." *Id.* at 125, 129, 135 (emphasis added; quotation marks omitted).

In *McGraw*, this Court considered a list of OVs that permit a transactional scoring approach. *Id.* at 125-126, quoting *People v Sargent*, 481 Mich 346, 349-350; 750 NW2d 161 (2008). For example, MCL 777.44(2)(a) states that "[t]he entire criminal transaction should be considered" when scoring OV 14, MCL 777.42(2)(a) provides that OV 12 applies to acts that occurred within 24 hours of the sentencing offense and have not resulted and will not result in separate convictions, MCL 777.43(2)(a) allows scoring of OV 13 using "all crimes within a 5-year period," MCL 777.46(2)(a) permits a court to add the "aggregate value of the property involved" when scoring OV 16, and MCL 777.38(1)(a) focuses on conduct "beyond the time necessary to commit the offense" when scoring OV 8. These examples illuminate the clarity with which the Legislature made its intent known in the sentencing guidelines. As this Court stated in *McGraw*, conduct not related to the sentencing offense may only be considered when the Legislature has *explicitly* stated that such conduct may be considered. *McGraw*, 484 Mich at 126.

Call me a strict constructionist if you must, but contrary to the majority's conclusion, nothing in OV 19 "specifically" or "explicitly" permits a transactional approach to scoring that OV. The Legislature has established that it is capable of clearly and specifically expressing its intent regarding when a sentencing court may consider transactional conduct, and it would have done so in drafting OV 19 if that was truly its intent. The lack of specificity regarding the application of a transactional approach to OV 19, combined with the fact that the conduct described in OV 19 could occur during the commission of a charged offense, indicates a legislative intent to only score OV 19 on the basis of offense-specific conduct.

2

The majority's reliance on MCL 777.22 to support its conclusion is equally unpersuasive. Although the majority is correct that, under MCL 777.22, OV 19 is generally applicable to all six offense categories, this does not discount the fact that a court may only score OV 19 when it is appropriate for the facts of a particular case. The Legislature provided a detailed and unambiguous explanation of when such scoring is appropriate, and a sentencing court is not permitted to ignore the statutory language of a specific OV statute and rely solely on the fact that a sentencing court is generally permitted to score a particular OV for a particular offense category under MCL 777.22. As summarized earlier, the Legislature has demonstrated that it is capable of expressly stating when a sentencing court may apply a transactional approach to scoring OVs. Because the Legislature did not do so in MCL 777.49, I believe the general rule of applying an offense-specific approach to scoring OVs applies to OV 19.

Moreover, the majority erroneously extends *People v Barbee*, 470 Mich 283; 681 NW2d 348 (2004), beyond its holding to support its reasoning. *Barbee* did not directly consider whether OV 19 should be scored using conduct committed after the sentencing offense is complete. Rather, *Barbee* only addressed the meaning of the phrase "interference with the administration of justice" as it is used in OV 19.[1] Although I remain committed to the holding in *Barbee* that the phrase "'administration of justice'" "encompasses more than just the actual judicial process," *id*. at 287-288, I disagree with

---

[1] Furthermore, *Barbee* is distinguishable from this case on its facts because the defendant in *Barbee* gave a false name *during* the traffic stop associated with the sentencing offense whereas here defendant did not threaten the witness until *days* after the criminal conduct that was the focus of the sentencing offense.

3

the majority that the administration of justice "is not commenced until an underlying crime has occurred," *ante* at ___, to the extent that the majority means that a crime must be *complete* before the "administration of justice" can begin. Rather, I think that the "administration of justice" may begin simultaneously with the commission of a crime in some circumstances. For example, if the police arrive on the scene of an ongoing crime and the defendant begins shooting at the officers or otherwise prevents the officers from "administering justice" while still in the process of committing the underlying crime, the defendant is simultaneously committing the sentencing offense and interfering with the administration of justice. Similarly, a defendant interferes with the administration of justice anytime he or she threatens a witness, even if the defendant makes the threat before law enforcement is actively "administering justice" because the defendant's act of threatening the witness has the potential to impede the administration of justice. Under this approach, a defendant who threatens a witness while committing a crime could have points assessed under OV 19 because the defendant interfered with the administration of justice while committing the sentencing offense. Thus, applying the offense-specific approach to scoring OV 19 would not result in as narrow an application as the majority implies because the conduct considered by OV 19 does not necessarily include conduct occurring after an offense has been completed.

Finally, applying an offense-specific approach to OV 19 would not leave defendant's crime of witness intimidation unpunished. As discussed in *McGraw*, a sentencing court may consider transactional conduct "when deciding what sentence to impose within the appropriate guidelines range and whether to depart from the guidelines recommendation." *McGraw*, 484 Mich at 129. Moreover, "the prosecution is always

4

free to charge a defendant with multiple offenses if they exist, rather than a single offense." *Id.* at 130. Indeed, it is clear that the trial court and the prosecution made use of these valid alternatives in this case. First, while explaining its decision to sentence defendant at the top of the guidelines minimum sentence range for his manslaughter conviction, the trial court seemed to take defendant's crime of witness intimidation into consideration. The trial court noted that defendant had failed to take responsibility for his conduct and had threatened a witness in an attempt to avoid responsibility. Second, defendant was convicted of and sentenced for witness intimidation on the basis of the conduct that was the foundation for the trial court's decision to assess 15 points under OV 19.

Although defendant's conduct was deplorable, I believe the majority's holding erroneously permits a sentencing court to consider transactional conduct when scoring OV 19, contrary to the general rule explained in *McGraw*. Accordingly, I respectfully dissent.

Michael F. Cavanagh
Marilyn Kelly