# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

              Plaintiff-Appellee,

v

HALO THOMAS WASHINGTON,

              Defendant-Appellant.

UNPUBLISHED
May 21, 2015

No. 321125
Berrien Circuit Court
LC No. 2013-004428-FH

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

Defendant, Halo Thomas Washington, appeals as of right his jury trial convictions of resisting and obstructing a police officer causing injury, MCL 750.81d(2), and aggravated assault, MCL 750.81a(1). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to concurrent terms of 48 to 180 months' imprisonment for the resisting and obstructing a police officer conviction, and 127 days—time served—for the aggravated assault conviction. We affirm.

## I. FACTS

Evidence produced at trial revealed that on October 8, 2013, defendant punched shelter employee Randolph Kling, breaking his jaw, after Kling told defendant he could not stay at the shelter because he had consumed alcohol. Officer Jerol Williams soon arrived at the scene and asked defendant to put his hands behind his back. Defendant complied at first, but then began to resist arrest. Williams attempted to control defendant with an arm bar, but when that failed, he attempted twice to sweep defendant's legs out from under him. In the course of the struggle, Williams fell and hit his back on a table, resulting in injuries requiring medical treatment. Williams managed to bring defendant to the ground just as Officer Justin Vanderkooy entered the shelter. The officers then handcuffed defendant and brought him into custody.

## II. DISCUSSION
## A. SUFFICIENCY OF THE EVIDENCE

On appeal, defendant first argues that there was insufficient evidence to support his conviction of resisting and obstructing a police officer causing injury. Specifically, defendant contends that the prosecution failed to prove beyond a reasonable doubt that defendant's conduct proximately caused Williams's back injury. We disagree.

-1-

We review de novo a claim of insufficient evidence. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012). "The test for determining the sufficiency of evidence in a criminal case is whether the evidence, viewed in a light most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt." *People v Nowack*, 462 Mich 392, 399; 614 NW2d 78 (2000). In assessing sufficiency claims, we defer to a jury's evaluation of witness credibility and weight of evidence. *Eisen*, 296 Mich App at 331.

A defendant is guilty of resisting and obstructing a police officer causing injury if he or she "assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties causing a bodily injury requiring medical attention or medical care." MCL 750.81d(2). To establish causation in a criminal offense, the prosecutor must show that a defendant's conduct was both a factual and a proximate cause of a victim's injury. *People v Feezel*, 486 Mich 184, 194; 783 NW2d 67 (2010). "Proximate causation 'is a legal construct designed to prevent criminal liability from attaching when the result of the defendant's conduct is viewed as too remote or unnatural.' " *Id.* at 195, quoting *People v Schaefer*, 473 Mich 418, 436; 703 NW2d 774 (2005). If there is a legally significant intervening cause that supersedes a defendant's act, the defendant's conduct will not be deemed a proximate cause of a victim's injury. *Feezel*, 486 Mich at 195. Only acts that are not reasonably foreseeable will constitute a superseding cause. *Id.* Ordinary negligence is generally considered reasonably foreseeable, while gross negligence and intentional misconduct are "sufficient to 'break the causal chain between the defendant and the victim.' " *Id.*, quoting *Schaefer*, 473 Mich at 437. In the criminal context, gross negligence refers to "wantonness and disregard of the consequences which may ensue," and "conduct indicating that the actor is aware of the risks but indifferent to the results." *Feezel*, 486 Mich at 195-196 (citations, quotation marks, and brackets omitted).

Defendant first argues that he was not a proximate cause of Williams's injuries because he "did not take any physically aggressive action toward" Williams and "did not swing, punch, kick, or shove the officer." However, a defendant need not be physically aggressive to trigger the application of MCL 750.81d(2). Rather, a defendant is guilty under MCL 750.81d(2) if he "resists . . . [or] opposes" a police officer "causing a bodily injury requiring medical attention or medical care." Although defendant was not physically aggressive toward Williams, Williams testified at trial that when he attempted to handcuff defendant, defendant "straightened out his elbow, and he turned around and straightened his body and wasn't submitting" to the arrest. Defendant's resistance and opposition required Williams to seek alternative measures to secure defendant, which ultimately resulted in Williams falling to the ground and being injured. Accordingly, absent another superseding cause, defendant's conduct of resisting and opposing arrest was a proximate cause of Williams's injuries.

Defendant next argues that Williams's multiple attempts to sweep defendant's legs out from under him were grossly negligent and therefore represented a superseding cause sufficient to break the causal chain between defendant's conduct and Williams's injuries. Viewing the evidence in a light most favorable to the prosecution, Williams was not grossly negligent in attempting to sweep defendant's legs out in order to control and arrest defendant. Testimony at trial revealed that defendant assaulted another victim moments before Williams arrived, and that defendant was actively resisting arrest by Williams. Williams testified that he wanted to complete the arrest with "as minimal force as possible," and stated that he believed the leg sweep

-2-

was the best way to achieve that end. Williams testified that he did not use his taser to subdue defendant because he was concerned about the possible negative implications on defendant's health. In light of this evidence, a jury could reasonably determine that Williams's method of subduing defendant was an appropriate and cautious strategy and did not constitute gross negligence that would break the causal chain between defendant's conduct and the victim's injury. See *Feezel*, 486 Mich at 195-196. Accordingly, the prosecution presented sufficient evidence from which a reasonable jury could conclude beyond a reasonable doubt that defendant's actions proximately caused Williams's injury.[1]

## B. OFFENSE VARIABLE 9

Defendant also challenges the trial court's assessment of 10 points under offense variable (OV) 9. Under the sentencing guidelines, a trial court's factual determinations underlying an offense variable assessment are reviewed for clear error and must be established by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The proper application and interpretation of the legislative sentencing guidelines is a question of law that we review de novo. *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008).

A trial court may assess 10 points under OV 9 when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death." MCL 777.39(1)(c). For purposes of scoring OV 9, the term "victim" includes "each person who was placed in danger of physical injury or loss of life or property." MCL 777.39(2)(a). An assessment of 10 points under OV 9 is appropriate when individuals were "present at the scene of the [offense] who were placed in danger of injury or loss of life." *People v Sargent*, 481 Mich 346, 350 n 2; 750 NW2d 161 (2008). A person may be a victim under OV 9 even if he or she did not suffer actual harm because close physical proximity to a threatening situation can place an individual in danger of injury. *People v Morson*, 471 Mich 248, 262; 685 NW2d 203 (2004).

In this case, the trial court considered Vanderkooy a victim under OV 9. Defendant argues that Vanderkooy was not a victim because he was merely present during the arrest. However, testimony presented at trial revealed that Vanderkooy arrived just as Williams brought defendant to the ground. Williams had not yet handcuffed defendant, and Vanderkooy had to assist Williams in handcuffing defendant and taking him into custody. Shelter employee Vincent Wright testified that after he let Vanderkooy inside, "[defendant] got stronger" and "it took them all to get him down." Although only Williams suffered injuries as a result of defendant's resistance, Vanderkooy was in close proximity to defendant before he was handcuffed, and was

---

[1] In his brief on appeal, defendant also states that *Feezel* is relevant to this case because in *Feezel*, "[t]he [jury] instructions were defective because the concept of proximate causation in a legal sense was not explained to the jury and is not something that can generally be understood without specific guidance from the trial court." It is unclear whether defendant's statement constitutes an attempt to present an instructional error issue on appeal. However, because defendant did not raise any issues of instructional error in his statement of the questions presented, we consider any possible issues on this topic abandoned. *People v Bennett*, 290 Mich App 465, 484 n 4; 802 NW2d 627 (2010).

therefore placed in danger of injury by defendant's conduct of resisting arrest. A preponderance of the evidence in the record supported the trial court's assessment of 10 points for OV 9, and defendant is not entitled to resentencing.

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola