# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CARY EDWARD JONES,

       Defendant-Appellant.

UNPUBLISHED
February 23, 2017

No.   330767
St. Joseph Circuit Court
LC No.   15-019829-FH

Before:  BORRELLO, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of six counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a), and two counts of accosting a child for an immoral purpose, MCL 750.145a.   Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 171 months' to 30 years' imprisonment for the CSC II on EW; 150 months' to 30 years' imprisonment for the other five counts of CSC II; and 3 to 8 years' imprisonment for the two counts of accosting a child for an immoral purpose.   We affirm.

This case arises out of the molestation of five children at a daycare operated out of defendant's girlfriend's residence in Three Rivers, Michigan.   Defendant lived at the residence and worked at the daycare when the molestations occurred.

First, defendant argues that he was denied effective assistance of counsel because his trial counsel failed to move for severance of the charges against him when the timeframe of the alleged offenses ranged from February 1, 2011 until February 1, 2015, and involved a number of different children.   We disagree.

Defendant did not object to the joinder of the charges against him at trial, so the issue is unpreserved.   *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007).   This Court reviews unpreserved joinder challenges for plain error.   *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).   Plain error requires that: "1) [an] error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."   *Id*.   "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings."   *Id*.

On the other hand, defendant moved this Court for a remand concerning the effective assistance of counsel issue; consequently, this issue is properly preserved.   But because this

-1-

Court denied defendant's motion for remand, our review of this claim of error is limited to errors apparent on the record. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's "factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

To prevail on a claim of ineffective assistance of counsel, a defendant must establish that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). "A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and he must show that, but for counsel's error, the outcome of the trial would have been different." *Id.* Because joinder was proper in this case, defendant cannot establish any error of counsel was outcome determinative. *Id.*

"To determine whether joinder is permissible, a trial court must first find the relevant facts and then must decide whether those facts constitute 'related' offenses for which joinder is appropriate." *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009). MCR 6.120 states:

> (A) **Charging Joinder.** The prosecuting attorney may file an information or indictment that charges a single defendant with any two or more offenses. Each offense must be stated in a separate count. Two or more informations or indictments against a single defendant may be consolidated for a single trial.
>
> (B) **Postcharging Permissive Joinder or Severance.** On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in subrule (C), the court may join offenses charged in two or more informations or indictments against a single defendant, or sever offenses charged in a single information or indictment against a single defendant, when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense.
>
>> (1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on
>>
>>> (a) the same conduct or transaction, or
>>>
>>> (b) a series of connected acts, or
>>>
>>> (c) a series of acts constituting parts of a single scheme or plan.
>>
>> (2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

(3) If the court acts on its own initiative, it must provide the parties an opportunity to be heard.

(C) **Right of Severance; Unrelated Offenses.** On the defendant's motion, the court must sever for separate trials offenses that are not related as defined in subrule (B)(1).

Offenses are "related" when the evidence indicates "that defendant engaged in ongoing acts constituting parts of his overall scheme or plan." *Williams*, 483 Mich at 235.

As an initial matter, defendant relies on *People v Daughenbaugh*, 193 Mich App 506; 484 NW3d 692 (1992), to support his position that the charges against him were improperly joined. But in *Williams*, the Court "reject[ed] the analysis of *Daughenbaugh* in accordance with the plain language of MCR 6.120." *Williams*, 483 Mich at 238-239.

In addition, this Court has held that joinder of multiple CSC charges against a defendant accused of assaulting several victims over a period of time is permissible. In *People v Gaines*, 306 Mich App 289, 292-293; 856 NW2d 222 (2014), the defendant was convicted of accosting a child for immoral purposes and CSC III for his interactions with three high-school girls over a two-year period. In *Gaines*, this Court observed:

> The evidence demonstrated that defendant engaged in ongoing acts related to his scheme of preying upon young, teenage girls from his high school. In each case, defendant used text messages to communicate with the victims and encouraged them to keep their communications secret. In at least two cases, defendant requested naked photographs from the victims and, if they refused, threatened to cut off ties with them. He also used his parents' basement to isolate two of the young girls and sexually penetrate them. [*Id*. at 305.]

Accordingly, this Court held "that the offenses were related and joinder was not an abuse of [the trial court's] discretion." *Id*. at 306; see also *People v Bailey*, 310 Mich App 703, 719; 873 NW2d 855 (2015) (stating that it was not an abuse of the trial court's discretion to join the "offenses into one trial" because the defendant did "not argue that the trial court could not have properly concluded that his offenses constituted a series of connected acts or acts constituting parts of a single scheme or plan" when defendant was accused sexually assaulting three different minors who lived with him over a three-year period).

In this case, there is evidence that "defendant engaged in ongoing acts related to his scheme" of molesting young children at a daycare where he lived and worked. *Gaines*, 306 Mich App at 305. On each occasion, defendant approached the victims, who were all children who attended the daycare, when the victims were alone, usually in an upstairs bedroom. Defendant's girlfriend and the other children were always either downstairs or in another room. Three of the victims testified that defendant touched their genitals under their clothes without saying anything. The trial court properly joined the charges against defendant into one trial.

Consequently, defendant cannot show that, absent his trial counsel's failure to move for severance, the outcome of the trial would have been different. *Sabin*, 242 Mich App at 659. Because evidence of defendant's actions regarding each victim was admissible in each case

pursuant to MCL 768.27a,[1] this same evidence could have been presented in each trial if the cases were tried separately. See *Gaines*, 306 Mich App at 305. Because defendant cannot establish that the outcome would have been different if the charges against him were severed, he cannot establish his claim of ineffective assistance of counsel. *Sabin*, 242 Mich App at 659.

Next, defendant argues that he is entitled to resentencing because Offense Variable Nine (OV 9) in Count 7, which concerned the molestation of EW, was improperly scored at 10 points. Defendant specifically asserts that EW was the only person placed in danger in Count 7; therefore, OV 9 should be scored at zero points. We disagree.

The proper interpretation and application of the legislative sentencing guidelines are legal questions that this Court reviews de novo. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). The trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "[T]he application of the facts to the law[] is a question of statutory interpretation, which" this Court "reviews de novo." *Id*.

MCL 777.39(1)(c) provides that the trial court should score 10 points for OV 9 when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death[.]" MCL 777.39(2)(a) states that the trial court must "[c]ount each person who was placed in danger of physical injury or loss of life or property as a victim." When scoring OV 9, the trial court must only consider conduct related to the sentencing offense. *People v Sargent*, 481 Mich 346, 348; 750 NW2d 161 (2008). The trial court cannot consider conduct that occurred after the sentencing offense. *People v McGraw*, 484 Mich 120, 122; 771 NW2d 655 (2009).

This Court has held that "the trial court abused its discretion by scoring OV 9 at 10 points . . . [a]lthough two of the complainant's friends were in the bedroom when the offense took place . . . ." *People v Phelps*, 288 Mich App 123, 138-139; 791 NW2d 732 (2010), overruled on other grounds, *Hardy*, 494 Mich at 438 n 18. In *Phelps*, the defendant entered the complainant's bedroom and engaged in forced sexual intercourse with her while two of her friends were asleep in the same room. *Id*. at 127-128. This Court concluded that "[t]here was no evidence on the record to support the conclusion that two people . . . were in danger of physical injury or loss of life . . . when [the defendant] committed criminal sexual conduct crimes against one victim only." *Id*. at 138-139. This Court noted that the defendant "did not make physical contact with either of the complainant's friends." *Id*. at 139. Thus, this Court held that the scoring of 10 points in OV 9 was improper. *Id*.

But in *People v Waclawski*, 286 Mich App 634, 684; 780 NW2d 321 (2009), this Court held that the trial court properly scored 10 points for OV 9 "because the record support[ed] the inference that at least two other victims were placed in danger of physical injury" when the

---

[1] In pertinent part, MCL 768.27a states that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant."

testimony revealed that the defendant assaulted his chosen victim while the two other boys were asleep in the same room. The defendant argued that "no points should have been scored for OV 9 . . . because only one victim was placed in danger on the dates in question . . . ." *Id.* at 682. The record, however, established that the defendant molested all three boys over a two-year period, but he only abused one boy on each date. *Id.* This Court noted that the "defendant had a choice of victims when [the victim] and his friends would stay the night at" the defendant's house, and the record supported "the conclusion that defendant would choose a victim while the other boys were present." *Id.* Accordingly, this Court held that OV 9 was properly scored at 10 points. *Id.*

This case is distinguishable from *Phelps* and analogous to *Waclawski*. Instead of assaulting one victim as in *Phelps*, 288 Mich App at 127-128, defendant molested five different children who attended the daycare at different times. Similar to *Waclawski*, 286 Mich App at 684, even though defendant molested the victims individually, the record supports the trial court's finding that defendant chose his victims while other children were present. Although defendant had access to all of the children who attended the daycare, he would choose just one child who was alone at the time to molest. As the trial court found, although defendant happened to choose EW on this particular occasion, there were other potential victims in the home. EW just happened to be alone in the guest bedroom when the sentencing offense was committed. Accordingly, the trial court correctly scored OV 9 at 10 points because "at least two [] victims were placed in danger of physical injury when the sentencing offense[] was committed." *Id.*

We affirm.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Kelly