PEOPLE v GRAY

Docket No. 302168. Submitted May 8, 2012, at Marquette. Decided June 5, 2012, at 9:05 a.m.

Orlando Ray Gray pleaded guilty in the Gogebic Circuit Court to one count each of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), operating a motor vehicle while having a controlled substance in his body (marijuana), MCL 257.625(8), and interfering with or influencing a witness by threat or intimidation, MCL 750.122(3). At sentencing, the court, Roy D. Gotham, J., assessed 50 points for offense variable (OV) 15 (aggravated controlled substance offenses), MCL 777.45, after including the amount of cocaine used to support the charges that were dismissed pursuant to defendant's plea of guilty to the sentencing offense of possession with intent to deliver cocaine. Those points resulted in a higher recommended minimum sentence range under the sentencing guidelines and the imposition of a minimum sentence within that higher range. Defendant filed a delayed application for leave to appeal the trial court's denial of his motion to vacate the conviction of possession with intent to deliver, which the Court of Appeals denied in an unpublished order, entered June 1, 2009 (Docket No. 291210). In lieu of granting leave to appeal, the Supreme Court vacated the circuit court's sentence and remanded for resentencing and for reconsideration of the scoring of OV 15 in light of the Court's opinion in *People v McGraw*, 484 Mich 120 (2009). 485 Mich 934 (2009). On remand, the circuit court assessed 50 points again for OV 15 and sentenced defendant to the same term of years imposed in the original sentence. The Court of Appeals granted defendant's delayed application for leave to appeal.

The Court of Appeals *held*:

1. The interpretation and application of the legislative sentencing guidelines, MCL 777.1 *et seq.*, is a legal question that is reviewed de novo. If a minimum sentence is within the appropriate guidelines sentence range, the Court of Appeals must affirm a sentence and not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied on in determining the sentence. It is within the sentencing court's

discretion to determine the number of points to be scored for each offense variable, provided that the record evidence adequately supports a particular score. Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable. OV 15 does not provide otherwise and, therefore, only conduct related to and forming the basis of the sentencing offense may be examined to assess points under this variable; conduct that forms the basis of charges that have been dismissed may not be reviewed or considered when assessing points under OV 15 for the sentencing offense, regardless of the sequence in which the conduct transpired. The circuit court erred by assessing 50 points for OV 15, MCL 777.45(1)(c), on the basis of unrelated charges that had been dismissed pursuant to a plea bargain. The sentencing offense involved conduct relating to defendant's possession with intent to deliver less than 50 grams of cocaine in a motor vehicle stopped by the police, which was not an amount sufficient to allow 50 points to be assessed for OV 15.

2. Because the score for OV 15 should have been zero points, MCL 777.45(1)(h), the minimum sentence range was reduced and resentencing was required.

Reversed and remanded for resentencing.

SENTENCING — SENTENCING GUIDELINES — SCORING OF OFFENSE VARIABLES — OFFENSE VARIABLE 15.

Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable; offense variable 15 (aggravated controlled substance offenses) does not provide otherwise and, therefore, only conduct related to and forming the basis of the sentencing offense may be examined when assessing points under this variable; conduct that forms the basis of charges that have been dismissed may not be reviewed or considered when assessing points under offense variable 15, regardless of the sequence in which the conduct transpired (MCL 777.45).

State Appellate Defender (by *Anne M. Yantus*) for defendant.

Before: MARKEY, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM. Defendant pleaded guilty to one count each of possession with intent to deliver less than 50

grams of cocaine, MCL 333.7401(2)(a)(*iv*), operating a motor vehicle while having a controlled substance in his body (marijuana), MCL 257.625(8), and interfering with or influencing a witness by threat or intimidation, MCL 750.122(3). He was sentenced to concurrent terms of 5 to 20 years' imprisonment for the possession of cocaine conviction, 93 days' imprisonment for the motor-vehicle-related conviction, and 32 months to 4 years' imprisonment for the witness-tampering conviction. Defendant appeals by delayed application for leave to appeal granted, challenging the assessment of 50 points with respect to offense variable (OV) 15, MCL 777.45, which addresses aggravated controlled substance offenses. We hold that OV 15 should have been assigned a score of zero points and that it was improper for the trial court to take into consideration in scoring OV 15 amounts of cocaine related to dismissed counts but wholly unrelated to the cocaine possession "sentencing offense" to which defendant pleaded guilty. Accordingly, we reverse and remand for resentencing.

The police discovered significantly less than 50 grams of cocaine in a vehicle defendant was operating after the vehicle was pulled over for failing to stop at a stop sign.[1] The police had prior knowledge that the vehicle, which had two occupants in addition to defendant, might be used to transport narcotics. Defendant did not have a valid driver's license, and there was an outstanding felony warrant for his arrest. Defendant informed the police that he was on his way to a local motel where his girlfriend was awaiting his arrival. Police officers proceeded to the motel and contacted defendant's girlfriend. She invited the officers into her motel room after which she was arrested on a preexisting felony warrant. The police noticed the odor of

---

[1] It appears that 0.6 of a gram of cocaine was found in the car.

marijuana in the motel room, and defendant's girlfriend had drug paraphernalia on her person. On execution of a search warrant, officers discovered 64 grams of cocaine in the motel room. In a taped phone call from defendant to his girlfriend while housed in the county jail, defendant demanded that she inform the police that he had never set foot in the motel room. Defendant acknowledges that there was evidence that he had a key to the motel room and that, although he later changed his story, he had initially told the police that he was staying in the room.

Defendant pleaded guilty to the three offenses noted above in exchange for the prosecution's withdrawal of an habitual offender notice, a recommendation for a minimum sentence within the guidelines range, and the dismissal of certain charges, which included possession with intent to deliver 50 grams or more, but less than 450 grams, of cocaine, MCL 333.7401(2)(a)(*iii*), simple possession of 50 grams or more, but less than 450 grams, of cocaine, MCL 333.7403(2)(a)(*iii*), simple possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), and driving without a license, MCL 257.301(1). At the plea proceeding defendant admitted, with respect to the day of his arrest, that he had smoked some marijuana, that he then proceeded to drive a motor vehicle with his destination being the motel where his girlfriend was staying, that he was pulled over by the police before arriving at the motel, and that in a search of the car the police found some cocaine, which defendant had intended to sell. There is no dispute that the cocaine possession charge to which defendant pleaded guilty was predicated on the cocaine in the car, not the cocaine in the motel room, and that the cocaine in the motel room formed the basis for other charges that were dropped as part of the plea deal.

Following entry of the plea agreement, sentencing information was gathered and prepared. The controlled substance (cocaine) offense to which defendant pleaded guilty is a class D offense, MCL 777.13m, and defendant's total OV score was 60 points, placing him at OV level V on the sentencing grid, MCL 777.65. Defendant's total prior record variable (PRV) score was 65 points, placing him in PRV level E on the sentencing grid. MCL 777.65. The minimum sentence range was thus set at 34 to 67 months in prison. *Id.* With respect to the offense variables, 50 of the 60 total points assigned were attributable to OV 15. Absent those 50 points, the minimum sentence range would have been 10 to 23 months in prison. *Id.*[2] In regard to OV 15, MCL 777.45 provides, in pertinent part:

> (1) Offense variable 15 is aggravated controlled substance offenses. Score offense variable 15 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> \* \* \*
>
> (c) The offense involved the manufacture, creation, delivery, possession, or possession with intent to manufacture, create, or deliver of 50 or more grams but less than 450 grams of any mixture containing a controlled substance ..................................................................... 50 points.

Defendant filed a motion to vacate the sentence for the cocaine possession conviction, arguing that OV 15 should not have been assessed 50 points because the

---

[2] Such an alteration in the minimum sentence range would compel resentencing. *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006). We note that at the subsequent resentencing of defendant the total OV score was 65 points, because 5 points were assigned for OV 12, MCL 777.42 (contemporaneous felonious criminal acts), which had not been assigned at the initial sentencing.

sentencing offense involved less than 50 grams of cocaine and charges regarding the greater amount found in the motel room were dismissed under the plea agreement. In a written opinion and order, the trial court reviewed the evidence, focusing on the "64 grams of cocaine found in room 31 of Davey's Motel during a search of that room . . . ." The trial court ruled that the evidence "supported the initial charge against defendant of possession of more than 50 grams of cocaine found in room 31, and provides record support for scoring . . . Offense Variable 15 at 50 points." Defendant's delayed application for leave to appeal the ruling was denied by this Court. *People v Gray*, unpublished order of the Court of Appeals, entered June 1, 2009 (Docket No. 291210). On application for leave to appeal to our Supreme Court, the Court ruled in an order as follows:

> Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we vacate the sentence of the Gogebic Circuit Court and we remand this case to the trial court for resentencing. On remand the trial court shall reconsider the scoring of offense variable 15 in light of this Court's opinion in *People v McGraw*, 484 Mich 120[ 771 NW2d 655] (2009). The trial court shall sentence the defendant within the appropriate sentencing guidelines range, or articulate on the record a substantial and compelling reason for departing from the sentencing guidelines range . . . . In all other respects, the application for leave to appeal is denied because we are not persuaded that the question presented should be reviewed by this Court. [*People v Gray*, 485 Mich 934 (2009).]

On remand for resentencing, the trial court once again imposed a score of 50 points for OV 15. In retaining the score of 50 points, the court distinguished *McGraw* on the basis that *McGraw* rejected for scoring consideration events that transpired after the sentenc-

ing offense was completed whereas here the possession of the cocaine in the vehicle and the possession of the cocaine in the motel room occurred at the same time. At the subsequent hearing on defendant's motion to correct an invalid sentence, the trial court again affirmed the score for OV 15, noting:

> [A]nd of course it is true that he possessed [the cocaine] in two different locations approximately five blocks from each other, but given the whole scheme of things it is obvious that he could pull smaller amounts from that which he had brought here for the purpose of selling here, and it's not simply a matter of constructive possession. It is simply clear that he possessed all of it at that time.

Defendant's delayed application for leave to appeal the ruling was granted by this Court. *People v Gray*, unpublished order of the Court of Appeals, entered March 3, 2011 (Docket No. 302168).

On appeal, defendant argues that, in light of *McGraw*, OV 15 must be scored for possessing the amount of cocaine found solely in the vehicle, i.e., the sentencing offense, and cannot be scored on the basis of other drug offenses committed during a similar period but dismissed as part of the plea agreement. We agree.

"If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). "A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score." *People v Endres*, 269 Mich App 414, 417; 711 NW2d 398 (2006), citing *People v Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002). "A trial court determines the sen-

tencing variables by reference to the record, using the standard of preponderance of the evidence," and "[w]e review for clear error a court's finding of facts at sentencing." *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008), citing *People v Drohan*, 475 Mich 140, 142-143; 715 NW2d 778 (2006), and *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003). "The interpretation and application of the legislative sentencing guidelines, MCL 777.1 *et seq.*[,] involve legal questions that this Court reviews de novo." *McGraw*, 484 Mich at 123.

We begin with a review of the *McGraw* opinion. In *McGraw*, the defendant broke into stores on three separate occasions. After the defendant and his accomplices left the scene of the final break-in, the police spotted their getaway car and pursued it. The vehicle chase concluded when the defendant's car crashed into a fence, and the defendant was subsequently captured after a short foot pursuit. The defendant pleaded guilty to three counts of breaking and entering in exchange for the dismissal of other charges, including the charge of fleeing and eluding the police. At sentencing, the court assessed 10 points under OV 9, MCL 777.39, finding that the defendant had placed at least two people in danger of physical injury or death.[3] The score for OV 9 resulted from the defendant's act of fleeing the police and not the break-ins. *McGraw*, 484 Mich at 122-123.

The *McGraw* Court initially noted and reaffirmed its holding in *People v Sargent*, 481 Mich 346; 750 NW2d 161 (2008), stating:

> We addressed what conduct the sentencing court should consider in . . . *Sargent*. We explained that "the offense

---

[3] MCL 777.39(1)(c) calls for the assessment of 10 points when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death[.]"

variables are generally offense-specific. The sentencing offense determines which offense variables are to be scored in the first place, and then the appropriate offense variables are generally to be scored on the basis of the sentencing offense." We stated that usually "only conduct 'relating to the offense' may be taken into consideration when scoring the offense variables." [*McGraw*, 484 Mich at 124, quoting *Sargent*, 481 Mich at 348-349.]

The Court concluded that offense variables, except as specifically provided otherwise, must be scored by reference solely to the sentencing offense. *McGraw*, 484 Mich at 129. The *McGraw* Court noted that a prosecutor is always free to charge a defendant with multiple offenses, assuming their existence, rather than one offense, in which case the defendant "would be sentenced for all offenses for which a conviction was obtained." *Id.* at 130. The Court ultimately held:

> We conclude that the Court of Appeals erred by considering the entire criminal transaction and using defendant's conduct after the crime was completed as the basis for scoring OV 9. Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable. OV 9 does not provide for consideration of conduct after completion of the sentencing offense. Therefore, it must be scored in this case solely on the basis of defendant's conduct during the breaking and entering. If the prosecution had wanted defendant to be punished for fleeing and eluding, it should not have dismissed the fleeing and eluding charge. It would be fundamentally unfair to allow the prosecution to drop the fleeing and eluding charge while brokering a plea bargain, then resurrect it at sentencing in another form.

> When we consider only the breaking and entering, it is apparent that no one was placed in danger of injury or loss of life. No one was present in the general store or anywhere near the defendant when he broke into the building. Even under the current version of OV 9, which allows consideration of property loss, the owner of the general store would

be the only victim. Defendant's flight from the police occurred after the offense was completed for purposes of scoring the sentencing guidelines; hence, it cannot be considered in scoring OV 9. Defendant did not place two to nine victims in danger of injury or loss of life. Therefore, no points should have been assessed for OV 9. [*Id.* at 133-135.]

With respect to the case at bar, we first note that OV 15 expressly references the "offense," which would be the "sentencing offense" under the *McGraw* analysis given that OV 15 does not specifically provide otherwise, before alluding to the amount of controlled substances involved with said offense. MCL 777.45(1)(c). For purposes of our analysis, we shall assume that there was sufficient record support for the conclusion that defendant possessed, constructively or otherwise, the cocaine in the motel room and did so at the same time that he possessed the cocaine in the car.[4] In other words, we shall presume simultaneous possession so that it cannot be concluded that "one" crime had been completed before the other crime commenced.

In this case, the sentencing offense solely involved the cocaine in the vehicle driven by defendant; therefore, "[t]he offense involved the . . . possession with intent to . . . deliver" *less* than 50 grams of cocaine,

---

[4] In *People v Wolfe*, 440 Mich 508, 519-520; 489 NW2d 748 (1992), when discussing the various principles applicable to the possession of narcotics, our Supreme Court stated:

A person need not have actual physical possession of a controlled substance to be guilty of possessing it. Possession may be either actual or constructive. Likewise, possession may be found even when the defendant is not the owner of recovered narcotics. Moreover, possession may be joint, with more than one person actually or constructively possessing a controlled substance.

[T]he evidence produced at trial showed that [the defendant] constructively possessed the cocaine, i.e., that he "had the right to exercise control of the cocaine and knew that it was present." [Citations omitted.]

MCL 333.7401(2)(a)(*iv*), which is not an amount that allows 50 points to be assessed for OV 15, MCL 777.45(1)(c). The sentencing offense did not involve the cocaine found in the motel room; therefore, contrary to the trial court's ruling, the offense did not involve the "possession with intent to . . . deliver . . . 50 or more grams but less than 450 grams" of cocaine. *Id.* Indeed, a review of MCL 777.45(1) reveals, in conjunction with a consideration of the record, that none of subdivisions (a) through (g) (points ranging from 5 to 100) applies, triggering the application of subdivision (h), which requires a score of "0 points" when "[t]he offense was not an offense described in subdivisions (a) through (g)."

As stated in *McGraw*, 484 Mich at 124, we only examine the "conduct" related to the sentencing offense unless otherwise indicated; MCL 777.45 does not indicate otherwise. The "conduct" relating to defendant's sentence for possession of cocaine with intent to deliver concerned defendant's possession of less than 50 grams of cocaine in the motor vehicle stopped by the police. The conduct relating to possession of the cocaine in the motel room was the subject of counts that were dismissed pursuant to the plea agreement. As indicated above, the *McGraw* Court expressed that "[i]t would be fundamentally unfair to allow the prosecution to drop . . . [a] charge while brokering a plea bargain, then resurrect it at sentencing in another form." *McGraw*, 484 Mich at 134. If the prosecution wished defendant to be punished for possessing the cocaine in the motel room, it should not have dismissed the charges linked to that cocaine. This is not to say that the cocaine in the motel room was entirely off-limits for purposes of sentencing. In *McGraw*, the Court noted "that conduct beyond the sentencing offense can be considered for purposes of departing from the guidelines." *Id.* at 130 n

30. Nothing in this opinion should be construed as precluding the trial court from contemplating a departure on resentencing.

Our Supreme Court in *McGraw* ruled that unless a scoring variable provides otherwise, a defendant's conduct occurring after an offense is completed does not relate back to the sentencing offense for purposes of scoring a variable; rather, the variable must be scored on the basis of conduct occurring during the sentencing offense. *Id.* at 122. At first glance, this holding might suggest that defendant's presumed conduct in possessing the cocaine in the motel room could be considered under OV 15, given that it constituted conduct occurring during the sentencing offense, i.e., possession of the cocaine found in the car. But such a conclusion is unsound once *McGraw* is considered in context.

The sentencing offense in *McGraw* was breaking and entering, and the dismissed offense was fleeing and eluding the police. The conduct underlying the breaking and entering offense took place first followed by the conduct forming the basis of the dropped fleeing and eluding charge. And in examining the number of victims for purposes of scoring OV 9, it was only permissible to consider the conduct associated with the sentencing offense and not the dismissed offense. The offenses and related underlying conduct had to be reviewed or considered separately under *McGraw* relative to scoring the variables. Here, the sentencing offense (possession of cocaine found in the car) and the dismissed offense (possession of cocaine found in the motel room) did not happen in sequence, one after the other, but rather occurred simultaneously. However, *McGraw* still requires a court to separate the conduct forming the basis of the sentencing offense from the conduct forming the basis of an offense that was

charged and later dismissed or dropped, regardless of the sequence in which the conduct transpired. The conduct associated with possessing the cocaine in the motel room formed the basis of some of the dismissed charges, and the conduct associated with possessing the cocaine in the motor vehicle formed the basis of the cocaine possession sentencing offense. Under *McGraw*, the conduct must be considered separately in relationship to scoring OV 15, and the conduct related to the cocaine possessed in the motel room, which conduct was forgiven as part of the plea agreement, could not be considered in scoring OV 15. Therefore, the trial court erred by assessing 50 points for OV 15 under MCL 777.45(1)(c), when the conduct related to the sentencing offense alone did not involve at least 50 grams of cocaine. Finally, as indicated earlier, absent application of MCL 777.45(1)(c), the appropriate score for OV 15 is zero points. The reduction in the score results in an alteration of the minimum sentence range and thus requires resentencing. *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006).

We reverse and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

MARKEY, P.J., and BECKERING and M. J. KELLY, JJ., concurred.