# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHARESE LOUISE ARNOLD,

Defendant-Appellant.

UNPUBLISHED
October 11, 2018

No. 336817
Grand Traverse Circuit Court
LC No. 16-012412-FC

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] her sentence of 20 to 35 years' imprisonment for her plea-based conviction of conspiracy to deliver 450 or more but less than 1,000 grams of heroin or cocaine, MCL 750.157a and MCL 333.7401(2)(a)(*ii*), as a second-offense habitual offender, MCL 769.10. Because offense variable (OV) 15 was improperly scored, resulting in an alteration of the applicable sentencing guidelines range, we vacate defendant's sentence and remand this case to the trial court for resentencing.

Defendant admitted that she had been running an operation with others to traffic in illegal drugs. Her assistants delivered the drugs from Detroit to other towns, including Traverse City, where still others distributed them. The prosecution initially brought 13 charges in connection with this criminal activity, including a charge of conspiracy to deliver 1,000 grams or more of heroin or cocaine, MCL 333.7401(2)(a)(*i*). Defendant pleaded guilty to Count II, conspiracy to deliver 450 or more but less than 1,000 grams of heroin or cocaine, as well as to being a second-offense habitual offender. In exchange, the prosecution dismissed the remaining charges and amended its fourth-offense habitual offender notice.

The sole issue on appeal is whether 100 points were properly scored for OV 15 (aggravated controlled substance offenses). Issues involving "the proper interpretation and application of the legislative sentencing guidelines . . . are legal questions" that are reviewed de novo on appeal. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). We conclude that only 75 points should have been assessed for OV 15.

---

[1] See *People v Arnold*, 501 Mich 940; 904 NW2d 421 (2017).

-1-

OV 15 concerns aggravated controlled substance offenses. MCL 777.45(1)(a) prescribes 100 points where the sentencing offense "involved the manufacture, creation, delivery, possession, or possession with intent to manufacture, create or deliver" 1,000 or more grams of schedule 1 or 2 drugs,[2] and MCL 777.45(1)(b) prescribes 75 points where the quantity at issue was "450 grams or more but less than 1,000 grams."

In this case, the parties agreed at sentencing that 75 points should be scored for OV 15. The trial court asked why it was not scored at 100 points, in light of evidence that defendant had been involved in the delivery of well over 1,000 grams of heroin or cocaine. The prosecuting attorney opined that *People v Gray*, 297 Mich App 22; 824 NW2d 213 (2012), required that OV 15 be scored solely on the basis of the conduct underlying the guilty plea, without regard to the additional facts of the case. The trial court disagreed and determined that 100 points should be assessed for OV 15, distinguishing the facts of the present case from those of *Gray* and related caselaw on the ground that the other cases involved drugs that were found after the sentencing offense and were therefore not covered by the guilty plea.

"[T]he appropriate offense variables are generally to be scored on the basis of the sentencing offense." *People v Sargent*, 481 Mich 346, 348; 750 NW2d 161 (2008). "Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). Accordingly, unless otherwise provided in the particular variable being scored, the trial court may not consider conduct underlying a charge that was dismissed as part of a plea agreement. See *id*. at 133-134. This is true even if the conduct constituting the sentencing offense and the dismissed counts occurred simultaneously. See *Gray*, 297 Mich App at 34.

In *Gray*, 297 Mich App 22, this Court considered the implications of *McGraw* in connection with the scoring of OV 15. After the defendant in *Gray* was pulled over for a traffic violation, police discovered less than one gram of cocaine in his car. Later, upon execution of a search warrant, police discovered 64 additional grams of cocaine in his motel room. *Gray*, 297 Mich App at 24 & n 1, 25. The defendant pleaded guilty to one count of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), one count of operating a motor vehicle while having a controlled substance in his body (marijuana), MCL 257.625(8), and one count of interfering with or influencing a witness, MCL 750.122(3), in exchange for the dismissal of several charges, including possession with intent to deliver 50 grams or more, but less than 450 grams, of cocaine, MCL 333.7401(2)(a)(*iii*). *Id*. at 23-25. There was "no dispute that the cocaine possession charge to which defendant pleaded guilty was predicated on the cocaine in the car, not the cocaine in the motel room, and that the cocaine in the motel room formed the basis for other charges that were dropped as part of the plea deal." *Id*. at 25. The trial court scored 50 points for OV 15[3] by taking into account the drugs found in both locations.

---

[2] Heroin and cocaine are schedule 1 drugs under MCL 333.7212.

[3] Fifty points are assessed for OV 15 when "[t]he offense involved the manufacture, creation, delivery, possession, or possession with intent to manufacture, create, or deliver of 50 grams or more but less than 450 grams of any mixture containing a controlled substance classified in

*Id.* at 26. The trial court attempted to distinguish *McGraw* on the basis that it concerned events that took place after the conclusion of the sentencing offense, whereas in the case before it the defendant simultaneously possessed the cocaine that was in the car and in the motel room. *Id.* at 27-28.

This Court disagreed, holding that "it was improper for the trial court to take into consideration in scoring OV 15 amounts of cocaine related to dismissed counts but wholly unrelated to the cocaine possession 'sentencing offense' to which defendant pleaded guilty." *Id.* at 24. Even assuming that the trial court had correctly determined that the defendant had possessed all of the cocaine at once,

> *McGraw* still requires a court to separate the conduct forming the basis of the sentencing offense from the conduct forming the basis of an offense that was charged and later dismissed or dropped, regardless of the sequence in which the conduct transpired. The conduct associated with possessing the cocaine in the motel room formed the basis of some of the dismissed charges, and the conduct associated with possessing the cocaine in the motor vehicle formed the basis of the cocaine possession sentencing offense. Under *McGraw*, the conduct must be considered separately in relationship to scoring OV 15, and the conduct related to the cocaine possessed in the motel room, which conduct was forgiven as part of the plea agreement, could not be considered in scoring OV 15. [*Gray*, 297 Mich App at 31, 33-34.]

This Court further noted that "[i]f the prosecution wished defendant to be punished for possessing the cocaine in the motel room, it should not have dismissed the charges linked to that cocaine." *Id.* at 32. Because the reduction in the score for OV 15 resulted in an alteration of the sentencing guidelines range, resentencing was required. *Id.* at 34.

The present case is not distinguishable from *Gray*. The trial court's reasoning that defendant possessed more than 450 grams in the course of the criminal conduct for which she was being sentenced was similar to the trial court's reasoning in *Gray* that the defendant was in possession of the cocaine in the motel and in the car at the same time. However, as stated in *Gray*, *McGraw* requires a sentencing court to separate the conduct that constitutes the sentencing offense from the conduct constituting any counts that were dismissed pursuant to a plea agreement.[4] It would be "fundamentally unfair" to allow the prosecution to drop the charge of conspiracy to deliver more than 1,000 grams "while brokering a plea bargain, then resurrect it at sentencing in another form." *McGraw*, 484 Mich at 134. Because defendant's sentencing offense involved "450 grams or more but less than 1,000 grams" of a controlled substance, only 75 points should have been scored for OV 15. MCL 777.45(1)(b).

---

schedule 1 or 2 that is a narcotic drug or a drug described in [MCL 333.7214(a)(*iv*)] . . . ." MCL 777.45(1)(c).

[4] However, conduct outside the sentencing offense may be considered for such other purposes as determining whether to depart from the guidelines recommendation. *McGraw*, 484 Mich at 129.

Employing a 75-point score for OV 15, the guidelines' recommendation for defendant's minimum sentence was 135-281 months, but the trial court's upward adjustment of the score for OV 15 produced a range of 171-356 months. A "misapprehension of the guidelines range" results in a sentencing decision "in reliance upon inaccurate information." *People v Francisco*, 474 Mich 82, 88, 89 n 7; 711 NW2d 44 (2006). See also MCL 769.34(10).

For these reasons, we vacate defendant's sentence and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle

-4-