*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PHAROAH RAHSHAN JONES,

        Defendant-Appellant.

UNPUBLISHED
May 7, 2020

No. 346743
Lenawee Circuit Court
LC Nos. 17-018593-FH;
           17-018774-FH

Before: RIORDAN, P.J., and FORT HOOD and SWARTZLE, JJ.

FORT HOOD, J (*dissenting*).

While I agree with the majority with respect to offense variable (OV) 12, I would conclude that the trial court did not err with respect to OV 15 and would affirm. Accordingly, I respectfully dissent.

In determining that the trial court improperly assessed 50 points for OV 15, the majority opinion at once notes that *People v McGraw*, 484 Mich 120; 771 NW2d 655 (2009), and *People v Gray*, 297 Mich App 22; 824 NW2d 213 (2012), are factually distinct from this case, while also relying on those cases for its ultimate disposition. I disagree that either case can be applied at all. And, while I appreciate the equitable position of the majority that it would be fundamentally unfair for the prosecution to drop a charge as part of a plea bargain and then revive that charge in another form at sentencing, I do not agree that the same occurred in this case. In my opinion, the defendant in this case received the benefit of his bargain.

In *McGraw*, the defendant pleaded guilty to breaking and entering with intent to commit larceny in exchange for the dismissal of a fleeing and eluding police charge. *McGraw*, 484 Mich at 122. Later, however, the conduct that gave rise to the fleeing and eluding police charge was considered in the assessment of OV 9. *Id*. at 122-123. As the majority notes, our Supreme Court concluded that this was impermissible because "a defendant's conduct after an offense is completed does not relate back to the sentencing offense for purposes of scoring offense variables unless a variable specifically instructs otherwise." *Id*. at 122. That is, consideration of the fleeing and eluding conduct for sentencing purposes was improper because the fleeing and eluding

conduct occurred *after* the conduct underlying the sentencing offense was already completed. *Id*. at 133-134.

Next, in *Gray*, the defendant was pulled over for a traffic violation and police discovered a small amount of cocaine on his person. *Gray*, 297 Mich App at 24. Later, police discovered 64 grams of cocaine in the defendant's motel room. *Id*. at 24-25. The defendant pleaded guilty to possession with intent to deliver less than 50 grams of cocaine on the basis of the cocaine found on his person in exchange for dismissal of a greater charge related to the cocaine found in his motel room. *Id*. at 25. At sentencing, the trial court scored 50 points for OV 15 after taking into account the drugs found both on the defendant's person *and* in the motel room. *Id*. at 25-26. This Court concluded that it was improper for the trial court to consider the cocaine found in the motel room when defendant had only been convicted for cocaine found on his person. *Id*. at 24. The cocaine from the motel room was found after the cocaine on defendant's person had already been discovered, and possession of that cocaine constituted a separate offense for which defendant was not convicted. We cited *McGraw* and noted that "[i]t would be fundamentally unfair to allow the prosecution to drop . . . [a] charge while brokering a plea bargain, then resurrect it at sentencing in another form." *Id*. at 32, citing *McGraw*, 484 Mich at 134.

Both *Gray* and *McGraw* involve conduct on the part of their respective defendants that was separate and temporally disconnected from the conduct for which the defendants were sentenced. In *McGraw*, the trial court's consideration at sentencing that the defendant had fled the police was improper because the charge related to that conduct had been dismissed, *and* the conduct occurred *after* the sentencing offense was completed. *McGraw*, 484 Mich at 123. In *Gray*, the trial court's consideration of the cocaine found in the defendant's motel room was improper because the charge related to that offense had been dismissed, *and* the cocaine was found *after* the sentencing offense was already completed. *Gray*, 297 Mich App at 25-26. I agree with the majority that defendants should not be sentenced on the basis of conduct that has not been charged, but this case presents a different set of circumstances. Here, the only conduct considered at sentencing was the conduct that specifically gave rise to the charge for which defendant was convicted: possession of cocaine with intent to deliver. The "conduct related to the sentencing offense" was one, single instance of possession of 89 grams of cocaine. That is, the conduct related to the sentencing offense *did* involve at least 50 grams of cocaine. See *id*. at 34.

I am cognizant and respectful of the majority's assertion that to consider the 89 grams of cocaine for sentencing purposes when defendant pleaded to a lesser amount seems fundamentally unfair. However, in this case, there can be no doubt that defendant received the benefit of his plea bargain. Defendant pleaded guilty to possession with intent to deliver less than 50 grams of cocaine in violation of MCL 333.7401(2)(a)(*iv*), which is a class D offense. MCL 777.13m. With the assessment of 50 points for OV 15, defendant's minimum sentencing guidelines range was 38 to 76 months. Defendant was sentenced within that range to 72 months. However, had defendant been charged and convicted of possession with intent to deliver over 50 grams of cocaine—and from what I can glean of the lower court record, conviction of that offense was a strong possibility—defendant's minimum sentencing guidelines range would have been calculated utilizing a different sentencing grid. Possession with intent to deliver between 50 and 450 grams of cocaine is a class B offense, and had defendant been convicted of that offense, his minimum sentencing guidelines range would have been 99 to 160 months. MCL 333.7401(2)(a)(*iii*); MCL 777.13m.

With that in mind, I cannot agree with the majority that the scoring of OV 15 in light of defendant's plea bargain was fundamentally unfair. The fact is that defendant was not sentenced as though he had been convicted under MCL 333.7401(2)(a)(*iii*). As a benefit of defendant's plea bargain, he was sentenced under MCL 333.7401(2)(a)(*iv*), and defendant still received the benefit of that bargain even though his actual conduct was taken into consideration in assessing his guidelines range. Because I do not think it was erroneous for the trial court to consider the conduct that gave rise to defendant's conviction in determining defendant's minimum sentencing guidelines range, I would affirm.


/s/ Karen M. Fort Hood

-3-