*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 7, 2020

Plaintiff-Appellee,

v

No. 346743
Lenawee Circuit Court
LC Nos. 17-018593-FH;
          17-018774-FH

PHAROAH RAHSHAN JONES,

Defendant-Appellant.

Before: RIORDAN, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

In Lower Court No. 17-018774-FH, defendant appeals as on leave granted[1] his guilty-plea conviction to conspiracy to possess with intent to deliver less than 50 grams of cocaine. MCL 333.7401(2)(a)(*iv*); MCL 750.157a. Defendant was sentenced to 6 to 20 years of imprisonment.[2] On appeal, defendant argues that the trial court erred in assessing 50 points for offense variable (OV) 15 and 10 points for OV 12. We agree with respect to OV 15, and we reverse in part and remand for rescoring of his sentencing guidelines.

## I. BACKGROUND

On March 29, 2017, police officers purportedly found 89 grams of crack cocaine, 26 grams of marijuana, and various prescription pills in defendant's bedroom. Later, as part of a plea arrangement involving three consolidated cases, defendant pleaded guilty to, among other things,

---

[1] *People v Jones*, 932 NW2d 620 (Mich, 2019).

[2] Defendant was also convicted of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), in Lower Court No. 17-018593-FH, for which defendant was sentenced to 1-1/2 to 4 years of imprisonment. Defendant takes no issue, however, with this conviction or sentence on appeal.

conspiracy to possess with intent to deliver less than 50 grams of cocaine for this conduct. At sentencing, the trial court assessed 50 points for OV 15 and 10 points for OV 12.

Defendant challenged the assessment of 50 points for OV 15, arguing that the assessment of 50 points required a finding that defendant possessed more than 50 grams of cocaine, but that defendant pleaded guilty to possessing less than 50 grams. The trial court disagreed, noting that the actual amount of cocaine involved in the offense was greater than 50 grams. Defendant also challenged the assessment of 10 points for OV 12, noting that 10 points required a finding of three contemporaneous felonious acts that did not result in a conviction. Defendant argued that this case involved, at maximum, two offenses. The trial court again disagreed, and defendant subsequently appealed with respect to these two OV scores.

## II. ANALYSIS

*Standard of Review*. "The interpretation and application of statutory sentencing guidelines are legal questions that we review de novo." *People v Lucey*, 287 Mich App 267, 270; 787 NW2d 133, 137 (2010) (citation omitted). The lower court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

*Trial Court Erred in Scoring OV 15*. Defendant first contends that the trial court erred by assessing 50 points for OV 15. This offense variable is set forth in MCL 777.45, which provides in part:

(1) Offense variable 15 is aggravated controlled substance offenses. Score offense variable 15 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

* * *

(c) The offense involved the manufacture, creation, delivery, possession, or possession with intent to manufacture, create, or deliver of 50 or more grams but less than 450 grams of any mixture containing a controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(iv)…………………………………..…………………….……………50 points

"[T]he appropriate offense variables are generally to be scored on the basis of the sentencing offense." *People v Sargent*, 481 Mich 346, 348; 750 NW2d 161 (2008). "Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich, 120, 133; 771 NW2d 655 (2009). "This Court has previously defined 'sentencing offense' in the context of OVs as 'the crime of which the defendant has been convicted and for which he or she is being sentenced.' " *People v Carter*, 503 Mich 221, 227; 931 NW2d 566 (2019), citing *McGraw*, 484 Mich at 122 n 3.

Defendant argues that he should not have been assessed 50 points under OV 15 because he pleaded guilty to conspiracy to possess with intent to deliver less than 50 grams of cocaine.

Defendant points to *McGraw* and *People v Gray*, 297 Mich App 22, 34; 824 NW2d 213 (2012), in support of his argument.

In *McGraw*, the defendant broke into two stores over the course of three separate occasions. Following one of the break-ins, the defendant fled the police, but was eventually apprehended. The defendant pleaded guilty to three counts of breaking and entering with intent to commit larceny in exchange for the dismissal of other charges, including the fleeing and eluding the police charge. At sentencing, the conduct that gave rise to the dismissed fleeing and eluding the police charge was considered in the assessment of OV 9. Our Supreme Court determined that this was improper because "a defendant's conduct after an offense is completed does not relate back to the sentencing offense for purposes of scoring offense variables unless a variable specifically instructs otherwise." *McGraw*, 484 Mich at 122-123.

In *Gray*, the defendant was pulled over for a traffic violation and police discovered less than one gram of cocaine on the defendant. Later, police discovered 64 grams of cocaine in the defendant's motel room. In exchange for the dismissal of several charges, including the charge for possession with intent to deliver 50 grams of cocaine on the basis of the cocaine found in the motel room, the defendant pleaded guilty to one count of possession with intent to deliver less than 50 grams of cocaine, one count of operating a motor vehicle while having a controlled substance in his body, and one count of interfering with or influencing a witness. At sentencing, however, the trial court scored 50 points for OV 15 by taking into account the drugs found in both locations. This Court reversed, explaining that "it was improper for the trial court to take into consideration in scoring OV 15 amounts of cocaine related to dismissed counts but wholly unrelated to the cocaine possession 'sentencing offense' to which defendant pleaded guilty." *Gray*, 297 Mich App at 24.

We agree with defendant that the trial court erred in scoring OV 15. The "offense involved" for purposes of OV 15 is the one to which defendant pleaded guilty, i.e., conspiracy to possess with intent to deliver less than 50 grams of cocaine. While the factual circumstances of *McGraw* and *Gray* might be distinguishable from the present action, the reasoning of those two decisions supports reversal here—for purposes of OV 15, a sentencing court must separate the conduct that constitutes the sentencing offense from the conduct constituting any counts that were dismissed under a plea bargain. It would be fundamentally unfair for the prosecutor to strike a plea bargain for a lesser drug quantity, dismiss the higher drug quantity, but then argue at sentencing for the higher drug quantity under OV 15. The higher quantity might be relevant for other sentencing considerations not specifically tied to the "offense involved" (e.g., an upward departure), but the dismissed quantity cannot be considered for purposes of OV 15.

*Trial Court Did Not Err in Scoring OV 12*. Defendant also contends that the trial court erred in assessing 10 points for OV 12 because his case did not involve three or more contemporaneous felonious criminal acts for which defendant was not convicted. The assessment of 10 points requires a finding that "three or more contemporaneous felonious criminal acts involving other crimes were committed." MCL 777.42(1)(c). "A felonious criminal act is contemporaneous if '[t]he act occurred within 24 hours of the sentencing offense,' and '[t]he act has not and will not result in a separate conviction.' " *People v Abbott*, __ Mich App __, __; __ NW2d __ (2019) (Docket No. 336332); slip op at 2, quoting MCL 777.42(2)(a)(i) and (ii). Unlike OV 15, and because the Legislature explicitly stated otherwise, " 'when scoring OV 12, a court

must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense.' " *Abbott*, ___ Mich App at ___; slip op at 2, quoting *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

Here, the sentencing offense which resulted in the assessment of 10 points under OV 12 was the plea to conspiracy to possess with intent to deliver less than 50 grams of cocaine. The record reflects that investigators discovered marijuana, various pills, and 89 grams of cocaine in defendant's possession. These discoveries, which were made simultaneously, resulted in at least four felony charges in addition to the charges for which defendant ultimately pleaded guilty. The additional charges included conspiracy to possess with intent to deliver 50 to 449 grams of cocaine, possession with intent to deliver 50 to 449 grams of cocaine, possession with intent to deliver marijuana, and possession of cocaine.[3] As part of defendant's plea arrangement, defendant was not convicted of any of the above charges. Accordingly, the trial court did not err in assessing 10 points for OV 12 because a preponderance of the evidence established that three or more felonious criminal acts occurred in addition to the crime for which defendant was ultimately sentenced.

## III. CONCLUSION

The trial court's error with respect to OV 15 impacted defendant's sentencing-guidelines range. A "misapprehension of the guidelines range" results in a sentencing decision "in reliance upon inaccurate information." *People v Francisco*, 474 Mich 82, 88, 89 n 7; 711 NW2d 44 (2006). See also MCL 769.34(10). The trial court did not err, however, with respect to OV 12. Accordingly, we affirm in part, reverse in part, and remand for resentencing of defendant consistent with this opinion.

/s/ Michael J. Riordan
/s/ Brock A. Swartzle

---

[3] This charge was listed as both "possession of cocaine," and as "possession of analogues." Whatever the charge may have been, there was testimony below that a variety of pills were found with the cocaine in defendant's bedroom. Whether this charge was in reference to the cocaine or the pills, it was a felony.