*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JAMES DRAKE,

       Defendant-Appellant.

UNPUBLISHED
August 15, 2024

No. 366053
Berrien Circuit Court
LC No. 2022-002514-FH

Before: SWARTZLE, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] from the trial court's judgment of sentence entered after pleading guilty to possession of methamphetamine and possession of less than 25 grams of fentanyl. Defendant was sentenced to serve 3 to 10 years in prison for possession of methamphetamine and 72 days in jail for possession of fentanyl. Because we agree that 50 points were improperly assessed for offense variable ("OV") 15 and 15 points were improperly assessed for prior record variable ("PRV") 5, and because correction of the score results in a change to the applicable sentencing guidelines ranges, we vacate defendant's sentences and remand for resentencing.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In August 2022, officers performed a traffic stop on defendant's vehicle and controlled substances and paraphernalia were found in it during an inventory search. The substances found included three individually-wrapped plastic bags and two unlabeled pills. Officers also found a large quantity of empty plastic bags, a digital scale, and three cellular telephones. Defendant, an Indiana resident, was initially charged with possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*), and possession with intent to deliver heroin, MCL 333.7401(2)(a)(*iv*). Ultimately, defendant pleaded guilty to possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and possession of less than 25 grams of fentanyl, MCL 333.7403(2)(a)(*v*).

---

[1] *People v Drake*, unpublished order of the Court of Appeals, entered June 15, 2023 (Docket No. 366053).

During sentencing, the prosecutor argued that defendant should be assessed 15 points for PRV 5 (prior misdemeanor convictions and juvenile adjudications), rather than the five points recommended in the presentence investigation report ("PSIR"), because defendant had five prior scorable misdemeanors: two Michigan offenses that were listed in the PSIR and already scored; one Indiana offense that was listed in the PSIR but not scored; and two Indiana offenses that were not listed in the PSIR and not scored. Defendant conceded that the Indiana conviction that was listed but not scored in the PSIR should have been but objected to the scoring of the two unlisted convictions.

The two convictions that were not listed were for operating while intoxicated ("OWI") and carrying a handgun without a license. Defense counsel objected, contending that the offenses were, to his knowledge, pending charges but had "not been processed in any way" and that he had "not been convicted of those." In response, the prosecutor submitted a "MyCase" printout from Indiana to the trial court that, according to the prosecutor, demonstrated that defendant pleaded guilty to "carrying a handgun without a license and was sentenced to a jail term of 150 days, suspended 60 days." The prosecutor stated that the "document also contains the OWI conviction." After reviewing the printout, the trial court concluded that PRV 5 should be scored at 15 points rather than five points, which raised the total PRV score from 20 points to 30 points and placed the PRV Level at D for both offenses.

The prosecutor also requested that OV 15 (aggravated controlled substance offenses) be scored at 50 points for both of defendant's convictions because the conduct involved "traveling from another state into this state while in possession of a mixture containing a controlled substance, Schedule I or II, with the intent to deliver that mixture in this state." Although the prosecutor conceded that the amount defendant was found with "might be a personal use amount," there was nothing found to suggest personal use. Defense counsel objected, arguing that defendant was convicted of possession of methamphetamine and possession of a controlled substance, and he did not make any "admission of guilt in regards to whether he was going to distribute the drugs."

After an adjournment, the trial court concluded that OV 15 was properly scored at 50 points. The trial court acknowledged that the amount was small, but stated that it believed that the "the legislature intended there to be a harsh penalty for, for lack of a better word, out-of-state drug dealers." With these changes, defendant's total PRV score was 30 points and his total OV score was 50 points, and his recommended minimum sentencing guidelines ranges were 29 to 57 months for possession of methamphetamine, MCL 777.65; and 2 to 17 months for possession of fentanyl, MCL 777.68. The trial court sentenced defendant to 36 to 120 months in prison for possession of methamphetamine and 72 days in jail for possession of fentanyl, and this appeal followed.

## II. STANDARDS OF REVIEW

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2016) (quotation marks and citation omitted). "Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (quotation marks and citation omitted). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *Lampe*, 327 Mich App at 111 (quotation marks and citation omitted). Finally, "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed

by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

### A. OV 15

On appeal, defendant argues that the trial court erred when it assessed 50 points for OV 15 because the court considered conduct that was beyond the elements of the sentencing offenses when the court scored the variable. We agree.

A defendant is entitled to be sentenced on the basis of accurately scored sentencing guidelines. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). In scoring the variables that form the basis of the sentencing guidelines, the trial court may consider all record evidence, including the PSIR, plea admissions, and testimony at a preliminary examination or trial. *People v Johnson*, 298 Mich App 128, 130-131; 826 NW2d 170 (2012). In addition, "[t]he trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Horton*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360726); slip op at 2 (quotation marks and citations omitted). At the sentencing hearing, the court must "give each party an opportunity to explain, or challenge the accuracy or relevancy of, any information in the presentence report, and resolve any challenges in accordance with the procedure set forth in [MCR 6.425(D)(2)]." MCR 6.425(D)(1)(b). Either party may challenge the accuracy or relevancy of any information contained in the presentence report. MCL 771.14(6); MCR 6.425(E)(1)(b); *People v Lloyd*, 284 Mich App 703, 705-706; 774 NW2d 347 (2009). If presented with a challenge to the factual accuracy of information, a court has a duty to resolve the challenge. *People v Uphaus*, 278 Mich App 174, 183-184; 748 NW2d 899 (2008).

OV 15 relates to "aggravated controlled substance offenses." MCL 777.45(1). Fifty points are assessed for OV 15 when "[t]he offense involved traveling from another state or country to this state while in possession of any mixture containing a controlled substance classified in schedule 1 or 2[2] . . . with the intent to deliver that mixture in this state." MCL 777.45(1)(d). For purposes of OV 15, " '[d]eliver' means the actual or constructive transfer of a controlled substance from 1 individual to another regardless of remuneration." MCL 777.45(2)(a).

"Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). MCL 777.45 does not otherwise provide such consideration. See *People v Gray*, 297 Mich App 22, 32; 824 NW2d 213 (2012). Accordingly, when assessing OV 15, a sentencing court may examine only conduct related to the sentencing offense. *Id*. Therefore, OV 15 "requires a court to separate the conduct forming the basis of the sentencing offense from the conduct forming the basis of an offense that was charged and later dismissed or dropped, regardless of the sequence in which the conduct transpired . . . ." *Id*. at 33-34. In other words, a trial court may not consider conduct resulting in dismissed charges that are not part of the sentencing offense when assessing points for OV 15 because "it would be fundamentally

---

[2] Methamphetamine is a Schedule 1 controlled substance as defined by MCL 333.7212. See MCL 333.7212(1)(h). Fentanyl is a Schedule 2 controlled substance as defined by MCL 333.7214. See MCL 333.7214(b).

unfair to allow the prosecution to drop . . . a charge while brokering a plea bargain, then resurrect it at sentencing in another form." See *id*. at 32 (quotation marks and citations omitted; citation clean up).

The trial court below erred when it concluded that it was proper to assess 50 points for OV 15 on the basis of defendant's intent to deliver controlled substances in this state. The offenses involved for purposes of OV 15 are the offenses to which defendant pleaded guilty, i.e., possession of methamphetamine and possession of less than 25 grams of fentanyl. Intent to distribute is not an element of either sentencing offense. See MCL 333.7403(1) (stating that a person "shall not knowingly or intentionally possess a controlled substance . . . ."); *People v Hartuniewicz*, 294 Mich App 237, 242; 816 NW2d 442 (2011) ("MCL 333.7403(1) proscribes the knowing or intentional possession of a controlled substance unless obtained directly through a valid prescription or valid doctor's order."). Indeed, the original charges of possession *with intent to deliver* methamphetamine, MCL 333.7401(2)(b)(*i*), and possession *with intent to deliver* heroin, MCL 333.7401(2)(a)(*iv*), were dismissed as part of defendant's plea agreement. Because a sentencing court must separate the conduct constituting the sentencing offense from the conduct constituting any counts that were dismissed under a plea bargain, *Gray*, 297 Mich App at 32, the trial court erred when it considered the conduct concerning defendant's dismissed charges of possession with intent to deliver when scoring OV 15. See *McGraw*, 484 Mich at 133; *Gray*, 297 Mich App at 32.

Reducing defendant's score for OV 15 to zero points results in a change in the applicable sentencing guidelines ranges. See MCL 777.65; MCL 777.68. Accordingly, defendant is entitled to resentencing on the basis of conduct related to the sentencing offense only. *Francisco*, 474 Mich at 89 n 8.

## B. PRV 5

Defendant also argues that the trial court erred when it assessed 15 points for PRV 5 in reliance on the Indiana "MyCase" printouts purporting to show that defendant had two state misdemeanors from Indiana that were not listed in the PSIR, in addition to the three misdemeanors that were listed in the PSIR.[3] We agree.

PRV 5 addresses a defendant's "prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1). Fifteen points are assessed for PRV 5 when "[t]he offender has 5 or 6 prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1)(b). PRV 5 is scored at 10 points when "[t]he offender has 3 or 4 prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1)(c). A prior misdemeanor conviction or prior misdemeanor juvenile adjudication should be considered "if it is an offense against a person or property, a controlled substance offense, or a weapon offense," MCL 777.55(2)(a), or if it is an offense "for operating or attempting to operate a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive while under the influence of or impaired by alcohol, a controlled substance, or a combination of alcohol and a controlled substance," MCL 777.55(2)(b). Qualifying convictions or adjudications from other states

---

[3] The "MyCase" printout is not part of the record and the transcript does not fully describe what "MyCase" is. It is likely that the prosecutor was referring to https://mycase.in.gov, which is the public court record database for the state of Indiana.

-4-

constitute prior misdemeanor convictions or adjudications for purposes of scoring PRV 5. MCL 777.55(3).

The PSIR in this case did not include the two purported convictions from Indiana that the prosecutor believed should have been included when calculating the score for PRV 5. And while the trial court may rely on all record evidence when fashioning a sentence, *Johnson*, 298 Mich App at 130-131, it is not at all clear to this Court whether the MyCase printouts relied on by the prosecutor and trial court were official court records from a court in Indiana, as they are not part of the record transmitted from the trial court to this Court and were only shown to defendant and his attorney for the first time on the day of sentencing. The record does show that the prosecutor represented to the trial court that the printouts showed the criminal cases as in a "pending" status despite the purported convictions because, according to the prosecutor, "it *appears* it's pending for a show cause for payments . . . ." (Emphasis added.) To the extent the prosecutor was relying on abstracts from https://mycase.in.gov, doing so would be improper as that site specifically cautions: "Information displayed on this site is not to be considered or used as an official court record and may contain errors or omissions. Accuracy of the information is not warranted. Official records of court proceedings may only be obtained directly from the court maintaining a particular record." MyCase: Indiana Courts Case Search <https://mycase.in.gov> (accessed July 30, 2024). In light of the fact that the Court is otherwise remanding the case for resentencing defendant concerning OV 15, and given the ambiguities regarding the MyCase printouts submitted to the trial court, we also vacate defendant's sentence to allow the parties to present record evidence concerning defendant's criminal history in Indiana for the purpose of scoring PRV 5.

## C. PRV 6

Defendant also argues that the trial court erred by scoring PRV 6 on the basis that he was on probation for one of the Indiana offenses not listed in the PSIR. A trial court should assess five points for PRV 6 when "[t]he offender is on probation or delayed sentence status or on bond awaiting adjudication or sentencing for a misdemeanor." MCL 777.56(1)(d). The PSIR demonstrates that, at the time of defendant's sentencing, he was on probation for leaving the scene of an accident, an offense that was listed in the PSIR and that defendant conceded should have been scored. Therefore, defendant has failed to establish a factual basis for his assertion that PRV 6 was improperly scored on the basis of his two Indiana offenses not listed on the PSIR. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant's sentences are vacated and the case is remanded for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young

-5-