*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TIARRA MIRANDA PAGEL,

Defendant-Appellant

UNPUBLISHED
February 17, 2026
9:43 AM

No. 373375
Baraga Circuit Court
LC No. 2023-001732-FC

Before: GADOLA, C.J., and BOONSTRA and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right her sentence of 10 to 25 years' imprisonment as a fourth-offense habitual offender, see MCL 777.21(3)(c), after a jury found her guilty of possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*). We affirm defendant's sentence but remand for the ministerial task of correcting the judgment of sentence.

## I. BACKGROUND

Defendant was pulled over for speeding after a Michigan State Police Trooper witnessed her car backing out of a known "drug house" with her codefendant as a passenger. During the traffic stop, the Trooper found 14.4 grams of methamphetamine in plastic bags inside defendant's vehicle. Defendant told the Trooper that she had driven from her home in Wisconsin to Baraga County, Michigan, to pick up some baby clothes. Defendant denied that the methamphetamine found in her vehicle was hers, but she admitted that she had the same kind of plastic bag at her residence in Wisconsin. She also admitted that she paid her codefendant's drug supplier approximately $200 for a "drug related purpose" the day before she drove over from Wisconsin. Defendant was arrested and charged with possession with intent to deliver methamphetamine.

At trial, text messages between defendant and codefendant established that defendant agreed to pick up methamphetamine from the supplier in Wisconsin and bring it to codefendant in Michigan. A witness testified that she overheard a phone call in which codefendant and defendant discussed "how to get enough money to . . . secure the drugs and bring 'em to Michigan." In this call, codefendant agreed to split the drugs with defendant if she picked them up. The witness also admitted to selling two grams of methamphetamine for codefendant on the day of the traffic stop

in exchange for a few grams of methamphetamine. In a subsequent search of the witness's house, the State Police located methamphetamine contained in the same kind of bag as the methamphetamine found in defendant's vehicle.

A jury convicted defendant of possession with intent to deliver methamphetamine under MCL 333.7401(2)(b)(*i*). At the sentencing hearing, the trial court assessed 50 points to defendant's offense variable (OV) 15, over defendant's objections, because it found sufficient evidence in the record to conclude that defendant crossed state lines with the intent of delivering methamphetamine. See MCL 777.45(1)(d). Defendant now appeals, challenging the trial court's assessment of 50 points for OV 15.

## II. ANALYSIS

Defendant argues that OV 15 was assessed incorrectly because there was no evidence that she transported methamphetamine across state lines. We disagree.

"Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Horton*, 345 Mich App 612, 616; 8 NW2d 622 (2023) (cleaned up). "Clear error is established when the appellate court is left with a firm and definite conviction that an error occurred." *Id*. A "[p]reponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (cleaned up). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

A criminal defendant's sentence must be derived from accurately scored sentencing guidelines. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). "A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score." *People v Gray*, 297 Mich App 22, 28; 824 NW2d 213 (2012) (cleaned up). "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a [presentence investigation report (PSIR)], plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Muniz*, 343 Mich App 437, 453; 997 NW2d 325 (2022) (cleaned up). "Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009).

OV 15 applies to "aggravated controlled substance offenses." MCL 777.45(1). OV 15 should be assessed 50 points if

> [t]he offense involved traveling from another state or country to this state while in possession of any mixture containing a controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7212 or 7214 with the intent to deliver that mixture in this state. [MCL 777.45(1)(d).]

The trial court's assessment of 50 points was supported by a preponderance of the evidence. The trial court relied on four aspects of the record evidence against defendant. First, it considered the statements from the witness in the presentence investigation report where she stated that she overheard codefendant instruct defendant to pick up the methamphetamine from his supplier in Wisconsin. Second, it noted that the methamphetamine found in the witness's house was contained in an identical bag to the one found in defendant's vehicle. Third, it relied on a text that defendant sent where she said she "ha[d] nothing extra on [her] . . . nothing extra than the original deal." Fourth, it noted that, after codefendant sent his supplier's address in Wisconsin, defendant stated that she was "[l]eaving now" and told codefendant to tell his supplier that "[she was] in a red Jeep."

Moreover, the witness testified that she overheard defendant and codefendant discussing "how to get enough money to . . . secure the drugs and bring 'em to Michigan." The trial court clearly found this testimony credible. See *People v Ziegler*, 343 Mich App 406, 411; 997 NW2d 493 (2022) (noting that reviewing courts must defer to a trial court's assessment of witness credibility). Furthermore, the methamphetamine recovered from the witness's house and defendant's vehicle were contained in identical black cross-patterned plastic bags, which defendant also admitted she had at home in Wisconsin. During the trial, the State Trooper read numerous text and Facebook messages recovered from defendant's phone that detailed her plan to pick up the methamphetamine from codefendant's supplier in Wisconsin and bring it to codefendant in Michigan. On this record, we are not definitely and firmly convinced the trial court made a mistake by assessing 50 points for OV 15.

However, defendant's judgment of sentence does not reflect that she was sentenced as a fourth-offense habitual offender. The trial court calculated defendant's sentence as a fourth-offense habitual offender, and her sentence was of a length that included a fourth-offense habitual offender status. Therefore, we remand this matter to the trial court for the ministerial task of correcting the judgment of sentence to accurately reflect that defendant was sentenced as a fourth-offense habitual offender. See *People v Katt*, 248 Mich App 282, 312; 639 NW2d 815 (2001) (explaining that, if a judgment of sentence contains an error, it is appropriate to remand the matter for the ministerial task of correcting that error).

Affirmed, and remanded for a ministerial correction of defendant's judgment of sentence. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Sima G. Patel