*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KATHLEEN ANN VUYLSTEKE,

        Defendant-Appellant.

UNPUBLISHED
January 24, 2025
10:39 AM

No. 368956
Macomb Circuit Court
LC No. 2018-003071-FH

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right her bench-trial convictions of failure to stop at the scene of an accident resulting in serious impairment or death, MCL 257.617, and moving violation causing death, MCL 257.601d(1). She specifically challenges her sentence of 39 months' to 5 years' imprisonment for the failure to stop conviction.[1] We reverse and remand for the trial court to fully articulate the reasons for its upward departure sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose when defendant struck the victim, a school crossing guard, in a crosswalk, resulting in the victim's death. Defendant attempted to drive around the victim to leave. Other drivers used their vehicles to block defendant in, but defendant managed to leave the scene. Soon after, she called the police, and followed their instructions to return to the scene and cooperate with their investigation.

At her December 8, 2021 sentencing, defendant alleged she was ill and had to vomit, so the sentencing was adjourned. The trial court attempted to hold defendant's sentencing twice more in January 2022, but defendant failed to appear at either hearing. The trial court issued a bench warrant for defendant's arrest, and defendant was arrested in August 2023. Over this period, the case was assigned to a new trial court judge. Defendant's sentencing had to again be rescheduled

---

[1] She was also sentenced to one year in jail for the moving violation conviction.

from October 5, 2023, to November 9, 2023, because she refused to transfer to court from the jail. The trial court sentenced defendant as noted. She now appeals.

## II. DEPARTURE SENTENCE

Defendant first argues the trial court erred by failing to justify its upward departure sentence. We agree.

## A. STANDARD OF REVIEW

"Sentencing issues are reviewed by this Court for an abuse of discretion by the trial court." *People v Sabin* (*On Second Remand*), 242 Mich App 656, 660; 620 NW2d 19 (2000). "A trial court abuses its discretion when it imposes a sentence that is not proportional to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 661. This Court reviews an out-of-guidelines sentence for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). A sentence is unreasonable if the trial court failed to adhere to the principle of proportionality in imposing the sentence. *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017), citing *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). A trial court violates the principle of proportionality "by failing to provide adequate reasons for the extent of the departure sentence imposed[.]" *Steanhouse*, 500 Mich at 476.

## B. ANALYSIS

A sentencing court must impose a sentence that takes "into account the nature of the offense and the background of the offender." *Id*. at 472, quoting *Milbourn*, 435 Mich at 651. A departure sentence may be imposed when "the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Steanhouse*, 500 Mich at 238, quoting *Milbourn*, 435 at 657. In determining if a departure sentence is more proportionate than a within-guidelines sentence, a trial court may consider: "(1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (citations omitted). When imposing a departure sentence, a sentencing court must "justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been[.]" *Id*. (quotation marks and citations omitted).

In its limited reasoning for fashioning defendant's sentence, the trial court stated:

> So I think it's important, [victim's widower], that you're . . . here and that you're holding up a picture of your beloved wife. And that is really . . . the loss that stands in this room.
>
> It's not your [defendant's] loss of freedom, your excuses, and you never seem to run out of excuses. You were found guilty by the [previous] Judge. Your actions in this Court's estimation are unacceptable according to the law, but also your prior history, your criminal history. Your, there was just no excuse for your behavior at the time, and certainly your behavior afterwards with the [sic] avoiding court. But I think your attorney's right, I should not and I cannot consider that

under the law, what you did after this crime. It's . . . the crimes that you committed that you're being sentenced on.

And these guidelines are only advisory, and they're not enough. You get sentenced to 39 months to five [sic] years in the Michigan Department of Corrections. . . .

A departure from the sentencing guidelines cannot be justified on the basis of "offense characteristic[s] or offender characteristic[s] already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record . . . that the characteristic has been given inadequate or disproportionate weight." *People v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008) (quotation marks and citation omitted). The trial court offered no explanation for how defendant's prior record variables (PRV) failed to adequately address her criminal record, nor did it indicate anything about rehabilitation. It properly emphasized the loss of the victim, but did not explain why offense variables (OV) 3, physical injury to the victim, MCL 777.33, and 5, serious psychological injury to the victim's family, MCL 777.35, did not adequately account for this loss.

A trial court's justification when imposing a sentence "must be sufficient to allow for effective appellate review." *Smith*, 482 Mich at 304 (quotation marks and citation omitted). "[I]f it is unclear why the trial court made a particular departure, an appellate court cannot substitute its own judgment about why the departure was justified." *Id*. The record does not provide sufficient information or justification for this Court to effectively review defendant's departure sentence. Remand is therefore necessary so that the trial court can adequately justify its upward departure sentence.

III.  OFFENSE VARIABLES

Defendant also argues the trial court erred in assessing OVs 5, 17, and 19. We disagree.

A.  STANDARD OF REVIEW

"Under the sentencing guidelines, the [trial court's] factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded in part by statute on other grounds as stated by *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Blevins*, 314 Mich App 339, 348-349; 886 NW2d 456 (2016). " 'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

B.  OV 5

Defendant first argues the trial court erred by assessing 15 points for OV 5, "psychological injury to a member of a victim's family." MCL 777.35(1). A court assesses 15 points for OV 5

if the injury was "serious," and is one that "may require professional treatment." MCL 777.35(2). "In making this determination, the fact that treatment has not been sought is not conclusive." *Id*. "The statute does not require proof that a victim's family member has already sought or received, or intends to seek or receive, professional treatment." *People v Calloway*, 500 Mich 180, 186; 895 NW2d 165 (2017).

Defendant argues on appeal, that there was insufficient evidence of a serious psychological injury to the victim's family to justify the trial court's assessment of 15 points of OV 5. For purposes of OV 5, the term "serious" is defined as "having important or dangerous possible consequences." *Id*. (quotation marks and citation omitted). "Thus, in scoring OV 5, a trial court should consider the severity of the injury and the consequences that flow from it[.]" *Calloway*, 500 Mich at 186. Among numerous other statements, the victim's husband reported the damage he suffered from losing his wife, and, despite defendant's contention otherwise, explicitly noted he had to move out of state because he "couldn't live in [their] forever home anymore." He also reported he attempted suicide three times, and acknowledged that he needed counseling because of the suicide attempts and due to "losing interest in everything he once loved." The victim's daughter also emphasized the severity of the loss, noting that they "miss her every single day." The many statements from the victim's family were more than sufficient to support the trial court's assessment of OV 5 at 15 points.

### C. OV 17

Defendant next argues the trial court erred in assessing 10 points for OV 17, "degree of negligence exhibited." MCL 777.47(1). OV 17 is properly assessed at 10 points if "[t]he offender showed a wanton or reckless disregard for the life or property of another person." MCL 777.47(1)(a).

At sentencing, defendant argued the record did not demonstrate she showed a "wanton or reckless disregard" for the victim's life because she was not speeding, under the influence, or distracted when driving. The trial court disagreed, contending that defendant's action after the accident of driving around the victim's body to leave the scene was sufficient for a 10-point OV 17 assessment. Defendant argues the trial court should not have considered this conduct, because it occurred after the accident.

"Offense variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *People v McGraw*, 484 Mich 120, 135; 771 NW2d 655 (2009). The sentencing offense is "the crime of which the defendant has been convicted and for which he or she is being sentenced." *Id*. at 122 n 3. When assessing OV points, "unless stated otherwise, only conduct that relates to the offense being scored may be considered." *People v Sargent*, 481 Mich 346, 350; 750 NW2d 161 (2008). Defendant was convicted of failing to stop at the scene of an accident resulting in serious impairment or death. Thus, her failure to stop before leaving the scene is part of her sentencing offense, and her leaving the scene of the accident can be considered in assessing OV 17. See *People v Dumback*, 330 Mich App 631, 642; 950 NW2d 493 (2019) (outlining the elements of leaving the scene of an accident causing death).

Wantonness is conduct demonstrating "the actor is aware of the risks but indifferent to the results[.]" *People v Feezel*, 486 Mich 184, 196; 783 NW2d 67 (2010) (quotation marks and citation omitted). Reckless disregard is more than "an elevated or enhanced form of negligence;" it is an "indifference to the rights of others that is equivalent to a criminal intent." *People v Schaefer*, 473 Mich 418, 438; 703 NW2d 774 (2005) (quotation marks and citation omitted). While defendant points to various exculpatory factors that could warrant a finding that her behavior was not a "wanton disregard for the life . . . of another person[,]" MCL 777.47(1)(a), "[t]he clear-error standard does not permit [this Court] to attempt to discover a 'right' factual finding, but rather obligates [it] to defer to the trial court unless definitely and firmly convinced it made a mistake." *Blevins*, 314 Mich App at 361 (citation omitted). Because we "cannot say with confidence that the record discloses a clear mistake or omission[] that preclude[s] meaningful review, any doubts [we] might have flowing solely from the question being close must be resolved in favor of leaving the trial court's decision untouched." *Id*. Finding no clear error, we defer to the trial court's 10-point assessment for OV 17.

## D. OV 19

Defendant finally argues the trial court erred by assessing 10 points for OV 19, "interference with the administration of justice[.]" MCL 777.49. OV 19 is properly assessed at 10 points if "the offender otherwise interfered with or attempted to interfere with the administration of justice[.]" MCL 777.49(c).

"[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). "In scoring OV 19, a court may consider the defendant's conduct after the completion of the sentencing offense." *People v Baskerville*, 333 Mich App 276, 301; 963 NW2d 620 (2020). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016).

The record supports the trial court's assessment of 10 points for OV 19. Defendant absconded for nearly two years between sentencing hearings. She failed to provide adequate evidence to support her claims of illness as the reasons behind her absences, and also refused to come to court after being arrested on the bench warrant, causing yet another delay in sentencing. The record clearly demonstrates defendant's actions interfered with the administration of justice by hampering the trial court's ability to complete her sentencing.

We reverse and remand to the trial court for the limited purpose of making an adequate record to support its upward departure sentence. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron

-5-